Billie Sue BURRIS James Burris,
Appellants (Plaintiffs Below),

v.

Brian M. RIESTER, Appellee
(Defendant Below).

No. 14A04–8605–CV–156.

Court of Appeals of Indiana,
Fourth District.

April 9, 1987.

Rehearing Denied May 28, 1987.

William C. Welborn, Welborn Law Offices, Evansville, for appellants.

Robert G. Leonard, Fitzpatrick, Chambers, Walker Leonard & Hanson, Washington, for appellee.

MILLER, Judge.

Billie Sue Burris, an automobile passenger, brought an action against Brian M. Riester, the driver of another automobile, for substantial injuries about the face and body sustained in an accident. A jury found for Burris on the issue of liability, but awarded damages of only $800.00. Burris appeals from the jury's assessment of damages claiming the damages were inadequate. We reverse.

### FACTS

The automobile accident occurred on May 6, 1981, when the automobile in which Burris was riding was struck in the left-front side by a car driven by Riester after Riester ran a stop sign. Burris was thrown forward in the collision, and suffered a blow to her head which rendered her unconscious. She was treated by a surgeon immediately after the accident for wounds to her face and head, pain in the chest and neck, contusions about the chest and shoulders, and cuts on her face.[1] Burris was released from the hospital the same day.

Burris sued for damages to compensate for the pain and limited motion in her left shoulder caused by traumatic arthritis, and the scar on her eyebrow. She requested damages for pain and suffering, and for

---

1. The testimony did not reveal the number of stitches required, but a cut on her eyebrow was sutured and left a scar approximately ¾ ″ long and ⅛ ″ wide.

her emotional difficulties when riding in an automobile. She also claimed medical expenses of $1,040.49, and lost wages of $209.00.

At trial Riester did not present medical testimony or testimony refuting Burris's medical bills. Riester was the sole defense witness, and his testimony related just to liability. Burris's cross-examination was very brief consisting of only five questions about her work and also about certain visits to Dr. Rang for which she was not billed.

It is from the jury's award of $800.00 that Burris brings the instant appeal alleging the verdict provides an inadequate amount of damages.

## DISCUSSION

■ In determining if an award for damages is inadequate, we apply the same standard as when there is a claim that the award is excessive. *Kirk v. Harris* (1977), 173 Ind.App. 445, 364 N.E.2d 145. We will not reverse so long as the damages are within the scope of the evidence. *Old Town Development Company v. Langford* (1977) 267 Ind. 176, 369 N.E.2d 404. In order to reverse, we must find the damages awarded were so small as to indicate the jury was motivated by "... passion, partiality, corruption or considered some improper element." *State v. Tabler* (1978),

178 Ind.App. 31, 381 N.E.2d 502, 504–505. We will not deem the damages to be the result of improper considerations unless the amount of the award cannot be explained on any other reasonable ground. *Wagner v. Riley* (1986), Ind.App., 499 N.E.2d 1155; *Dunn v. Cadiente* (1987), Ind.App., 503 N.E.2d 915. In addition, we will not reweigh the evidence; we will look only to the evidence and the reasonable inferences therefrom which uphold the verdict. *Vesey, Inc. v. Hillman China Co.* (1972), 151 Ind.App. 388, 280 N.E.2d 88. Indiana does, however, subscribe to the general principle of tort law that all damages directly attributable to the wrong done are recoverable. *Coy v. Indianapolis Gas Co.* (1896), 145 Ind. 655, 46 N. 17. Further, our court has held that a victim's undisputed actual medical expenses are compensable. *Cox v. Winklepleck* (1971), 149 Ind.App. 319, 271 N.E.2d 737. *See also Wagner v. Riley* (1986), Ind.App., 499 N.E.2d 1155.

■ In this case the facts show the damage award did not fully compensate Burris for even the actual, undisputed medical expenses which she incurred as a result of the injury. The record shows Burris had bills of $751.49 for hospital, ambulance, optometric, and other medical treatment immediately following the accident.[2] Her

2. The following bills were read into the record:

| | Date | Amount | Total |
|---|---|---|---|
| Dr. Robert Rang (Surgeon) | 5-6-81 | $375.00 | |
| | 5-11-81 | | |
| | 6-8-81 | | |
| | 6-29-81 | | |
| | 8-4-81 | | |
| | 10-81 | | |
| Daviess County Hospital (Emergency Room) | | 63.29 | $ 438.29 |
| Williams Pharmacy (Drugs) | 5-8-81 | 11.15 | 449.44 |
| Daviess County Hospital (Ambulance) | 5-8-81 | 80.00 | 529.44 |
| | | 41.30 | 570.74 |
| Dr. Davis (Physician consulted for shoulder pain) | 5-14-81 | 12.00 | 582.74 |
| Williams Pharmacy (Drugs) | 5-15-81 | 18.75 | 601.49 |
| Dr. R. Hale (Optometrist; new glasses) | 5-22-81 | 150.00 | 751.49 |
| Dr. Emmert (Opthalmologist) | 5-26-81 | 50.00 | 801.49 |
| | 6-25-81 | 29.00 | 830.49 |
| | 9-25-81 | 29.00 | 859.49 |
| Dr. Wuster (Chiropractor) | 10-8-81 | 55.00 | 914.49 |
| | 10-12-81 | 15.00 | 929.49 |
| | 1-4-82 | 15.00 | 944.49 |

undisputed lost wages are $209.00.[3] At this point the damages totaled $960.49, $160.49 more than the award.

Further, Burris presented testimony—not directly disputed so far as we are able to determine from examining the record[4]—of the following:

(1) Vision problems. Burris testified that, within three weeks after the accident, she began consulting with an opthamologist regarding flashes in her eye. The bills totaled $108.00.

(2) Shoulder injury resulting in traumatic arthritis.[5] She consulted a chiropractor approximately five months after the accident for continuing pain, incurring bills of $85.00. Later she was referred by her treating physician to an orthopedic surgeon for a consultation on potential surgery to alleviate her pain. Her bill for this consultation was $67.00. There is a possibility Burris may eventually need surgery for her shoulder pain which would cost an estimated $4,000.00 to $5,000.00.

(3) Scar on eyebrow. Burris presented testimony that elective surgery to repair the scar would cost an estimated $1,000.00 to $5,000.00.[6]

We have examined the record and we find no legitimate dispute as to Burris's initial medical expenditures and lost wages totaling $960.49. We think that for a jury to disregard her expenses for her vision problems, chiropractor, and orthopedic consultation would indicate the jury would have had to rely on speculation. But had the jury disregarded these latter expenses, her claim for correcting the scar and her shoulder injury, plus her pain and suffering, her immediate medical expenses and lost wages still exceed the damage award. Therefore, because the jury's award failed to compensate Burris for actual undisputed medical expenses and for undisputed lost wages, we hold it is inadequate. See Cox, supra;[7] see also Wagner, supra.

When an appellate court finds damages are inadequate, a new trial on the issue of damages alone is proper only when it is clear the jury verdict on liability is not the result of a compromise. Tabler, supra. In this case the record shows Riester entered a guilty plea to the offense of driving and disregarding a stop or yield sign, a Class C Misdemeanor. Riester testified, however, he was not familiar with the intersection, he did not remember seeing the stop sign, and the stop sign was covered up. Riester testified he could have stopped had he been able to see the sign. The record clearly shows the issue of liability was contested, leaving open the possibility of a compromise verdict. We think the facts satisfy the rule that when liability is

| | | | |
|---|---|---|---|
| Dr. Emmert | 3–26–82 | $ 29.00 | $ 973.49 |
| | 9–24–82 | | |
| Dr. James Rang (Orthopedic Surgeon) | 11–17–82 | 67.00 | $1,040.49 |

3. Riester admits to Burris's lost wages. He concedes to them in his brief, noting "While losing a scant 55 hours of employment, the Plaintiff-Appellant continued to work to the date of the trial and continues yet today." (Appellee's Brief, p. 24).

4. Except for the scar which was a result of the accident, Riester seems, in his brief, to be attacking the credibility of Mrs. Burris as to her eye and shoulder problems.

5. Dr. Robert Rang testified the arthritis problem and pain was caused by a blow to her shoulder. Burris testified she had no pain in her shoulder before the accident. This testimony was corroborated by her daughter and by her work supervisor.

6. Riester points out Burris waited several years to consult a plastic surgeon indicating she was not traumatized by the scar and should not receive damages for emotional trauma. Nevertheless, Riester does not deny Burris has a scar as a consequence of the accident.

7. This case is distinguishable from Cox wherein damages were not found to be inadequate. In Cox the appellant received an award of $500.00 after claiming medical expenses of $113.90, and lost wages for twenty work days at $3.03 per hour. The jury could have reasonably found Cox was entitled to part, but not all of his claim for lost wages. Here, the jury did not award even the undisputed actual medical expenses and lost wages. Burris's immediate medical expenses were almost equal to the $800.00 award, not even considering her ensuing expenses, her scar, or her pain and suffering.

contested, the evidence is conflicting, and liability is therefore unclear, a new trial should be had on the issue of liability, not just on the damages alone. We will therefore remand for a new trial on all the issues.

CONOVER and SHIELDS, P.JJ. concur.