**Michael WALKER, Defendant-Appellant,**

v.

**Russell G. JONES, Edith Jones, William Province and Gene Province, Plaintiffs-Appellees.**

No. 41A01–8701–CV–16.

Court of Appeals of Indiana, First District.

Aug. 13, 1987.

---

C. Dickson Faires, Jr., Frederick D. Em-
hardt, Miller, Faires, Hebert & Woddell,
Indianapolis, for defendant-appellant.

Tom G. Jones, Jack L. Bailey, Jones,
Loveall, Johnson & Bailey, Franklin, for
plaintiffs-appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Michael Walker
(Walker), appeals the ruling of the Johnson
Circuit Court in granting a motion to cor-
rect error setting aside a summary judg-
ment previously entered in his favor and
against plaintiff-appellees, Russell G.
Jones, Edith Jones, William Province, and
Gene Province, in their suit for damages
for personal injuries.

We reverse.

### STATEMENT OF THE FACTS

The undisputed facts before the court for
purposes of summary judgment are as fol-
lows. At approximately 7:00 p.m., near
dusk, on September 17, 1982, while driving
northbound on Interstate 65, Indiana State
Trooper J.D. Richards (Richards), saw a
500– to 700–pound black angus heifer lying
in the median near County Road 350 in
Johnson County. For purposes of these
proceedings, Walker concedes that the ani-
mal belonged to him and had escaped, wan-

dering on to the interstate highway. Rich-
ards stopped his patrol car on the median
to investigate, but left the emergency
lights operating. When the calf bolted,
Richards, assisted by Lt. Ted Settle of the
Indiana State Police, and Charles Grissom,
a passing motorcyclist, attempted to cap-
ture the angus heifer. After fashioning a
lasso from a rope found in his patrol car,
Richards, Settle, and Grissom pursued the
angus calf south in the median. Neither
the calf nor the pursuers ever left the
40–foot-wide median. When they finally
had the calf surrounded, Richards observed
a rear-end collision between two cars in the
outside, or right-hand, lane of northbound
Interstate 65 about 75–feet from where he,
Settle, Grissom, and the calf were located.
An automobile driven by Russell Jones, in
which Edith Jones, William Province, and
Gene Province were passengers, traveling
at an estimated speed of 50 to 55 m.p.h.,
and without any evidence of evasive action
or braking, ran into the rear of an automo-
bile traveling at an estimated speed of 15
to 20 m.p.h., purportedly driven by Damon
Woods. The occupants of Woods car were
Woods, John T. Williams, and Stella Rob-
erts, all of whom were intoxicated.
Though Woods, who tested .21 on the
breathalyzer, announced to Richards that
he was the driver, there were later indica-
tions that he and Williams may have
changed places, and Williams may have
been driving at the time of the collision.
The automobiles were extensively dam-
aged, and the occupants of the Jones car
were injured. Jones and the driver of the
Woods vehicle were watching the activity
involving the calf, and were inattentive to
their driving. Richards was of the opinion
that the causes of the accident were
Jones's inattention, the slow movement of
the Woods car, and the intoxication of the
individual operating the Woods car. The
appellees sued Damon Woods, Trudy
Woods, and Michael Walker. The com-
plaint against Walker proceeded upon the
theory that the escaped calf created traffic
congestion.

The briefs proceed on the assumption
that there were facts in the record which

indicated that the driver of the Woods car passed the Jones car and then applied the brakes so hard as to cause the Jones car to run into it. These allegations were only contained in the complaint. We are considering only the facts contained in Richards' deposition used in support of the motion for summary judgment. No other evidentiary materials are cited by either party.

Walker's Motion for Summary Judgment was granted. However, the trial court later granted the appellees' Motion to Correct Error, from which ruling Walker appealed.

### ISSUE

Though other issues are raised, we will address only one. Restated, that issue is as follows:

I. Was the escape of Walker's calf and its presence in the median of the interstate the proximate cause of the accident.

### DISCUSSION AND DECISION

This case is analogous to the numerous second-collision cases existing in Indiana where the courts of review have held that the tort-feasor defendant in the first collision is not responsible for damages caused by the tort-feasor defendant of the second accident because of the absence of proximate cause. One of the latest cases, *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, is illustrative. Havert, a policeman, and his partner stopped a patrol car on a street to search for a prowler. Hook stopped his car behind Havert. Caldwell then ran his car into Hook's car. While Havert and Hook were surveying the damage, Warren drove his car into Caldwell's car. Havert and Hook were injured and sued Caldwell and Warren. The trial court granted Caldwell's motion for summary judgment and the supreme court affirmed that decision, noting that the act complained of must be the proximate cause of the injury.

█ A negligent act is the proximate cause of the injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen and anticipated. *Bridges v. Kentucky Stone Co., Inc.* (1981), Ind., 425 N.E.2d 125. This requirement of foreseeability is directly related to the rule that an intervening cause may serve to cut off the liability of one whose original act sets in motion the chain of events leading to the injury. *Havert, supra.* Such intervening cause is not a concurrent or contributory cause, but is a superseding cause. If the intervening cause is foreseeable, the original tort-feasor cannot escape liability because of it. *Id.* Conversely, if the intervening cause is not foreseeable as a natural consequence of the original act, then the original tort-feasor cannot be held liable for injuries caused by the second collision. *Id.*

Applying the above principles, *Havert* held that Warren's negligence was the effective intervening cause. In doing so, the supreme court relied upon 21 *I.L.E. Negligence* §§ 64, 65, and 67 (1959), and *Slinkard v. Babb* (1954), 125 Ind.App. 76, 112 N.E.2d 876, *reh. denied*, 125 Ind.App. 87, 117 N.E.2d 564, *trans. denied. Slinkard v. Babb* was also a second-collision situation, similar to *Havert.* Other cases have reached the same result on similar facts. *Peck v. Ford Motor Co.* (7th Cir.1979), 603 F.2d 1240, an Indiana case; *Schroer v. Funk & Sons, Inc.* (1968), 142 Ind.App. 223, 233 N.E.2d 680.

█ It is well settled that where a defendant's negligence merely creates a condition by which the subsequent injury-producing acts of another are made possible, the existence of the first condition cannot be the proximate cause of the injuries, but is a remote cause. *Crull v. Platt* (1984), Ind.App., 471 N.E.2d 1211. The cases treat the original act in the second-collision cases as the remote cause and not the proximate cause. Tort liability is predicated upon proximate cause. Proximate does not mean approximate. It means the immediate, nearest; direct; next in order; and, in its legal sense, closest in causal connection. *Blacks Law Dictionary* 1391 (Rev. 4th Ed. 1968).

**510**

The causation here is even more remote and less foreseeable than in the second-collision cases, for at least in those cases, a physical obstruction was created by the first tort-feasor which became instrumental in causing the second accident. Here there was none. There was no evidence that the calf caused any traffic congestion. Throughout the incident the calf, as well as her pursuers, were in the median. There was no collision or near collision with the calf, nor was there any evasive action taken to avoid it which caused the accident. Instead, the accident was caused by the intoxicated driver of the Woods car slowing down to view the spectacle of three men trying to catch a black angus calf, only to be struck in the rear by the inattentive driver of the Jones car, who was likewise watching the show. The appellees have cited no case holding that the existence of some attraction or event, either deliberately or negligently created along the side of the road, which diverts the attention of an operator of a motor vehicle, is either negligence or proximate causation rendering the creator of the attraction liable. Indeed, the highways abound in such bizarre creations carefully designed to draw the attention of motorists.

We hold that there was not sufficient proximate cause, and the trial court erred in setting aside the summary judgment previously rendered. We direct the trial court to vacate the ruling on the motion to correct error and enter an order denying the same.

Judgment reversed.

RATLIFF, C.J., and CONOVER, J., concur.