Gregory K. BUCKLAND,
Appellant–Plaintiff,

v.

Ida L. REED, Appellee–Defendant.

No. 35A05–9211–CV–409.

Court of Appeals of Indiana,
Fifth District.

Feb. 24, 1994.

John F. Lyons, Barrett & McNagny, Fort Wayne, for appellant-plaintiff.

Thomas W. Belleperche, Daniel J. Palmer, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee-defendant.

RUCKER, Judge.

Plaintiff-appellant Gregory Buckland sued Defendant-appellee Ida Reed for injuries

sustained in an automobile/motorcycle collision. Buckland also sought damages for injuries sustained when he slipped and fell subsequent to the collision. The case proceeded to trial by jury which awarded damages to Buckland in the amount of $12,000.00. Buckland now appeals raising four issues for our review which we consolidate and rephrase as: whether the verdict was inconsistent with the evidence and contrary to law.

We affirm.

The record reveals that on March 11, 1989, at approximately one o'clock in the afternoon, Buckland was driving a Kawasaki 900 motorcycle eastward on Spring Street in Bluffton, Indiana. At the same time, Reed was driving her 1986 Chevrolet Cavalier automobile and exiting the parking lot of her employer which was adjacent to Spring Street. As Reed pulled into the street Buckland crashed his motorcycle into the left rear quarter panel of Reed's car. As a result, Buckland sustained injuries to his left knee including a broken knee cap which required surgery. He was hospitalized for four days and was absent from work approximately four months. Buckland incurred $11,314.24 in medical bills and $6,490.76 in lost wages.

On July 1, 1989, eight days before he was scheduled to return to work, Buckland attended a Fourth of July celebration where he consumed a disputed amount of 80 proof rum.[1] After leaving the party, Buckland drove to a wedding reception. While walking from the parking lot to the reception, Buckland took a short-cut between two buildings which required him to descend a wet grassy incline. While walking down the incline, Buckland's left knee buckled, causing him to fall and injure his knee for a second time. He incurred additional medical expenses and lost wages.

Although Buckland sued Reed alleging negligence in the operation of an automobile, the case actually proceeded to trial on two separate theories of damage. In addition to seeking recovery for injuries sustained in the collision Buckland also sought recovery for the slip and fall. According to Buckland, the fall would not have occurred but for the original injury. The three-day jury trial began on February 18, 1992, and facts presented in the case raised issues of comparative fault. Thus, in addition to final instructions and verdict forms, the trial court also gave the jury "Calculation Sheets" concerning both the March 11 collision and the July 1 fall. After deliberation the jury determined Reed was not at fault for the fall and accordingly awarded no damages. In contrast, the jury determined that Reed was 60% at fault for the collision, assessed total damages at $20,000.00 and awarded Buckland $12,000.00. Thereafter, Buckland filed a timely motion to correct error which the trial court denied. This appeal arose in due course.

## I.

Buckland first contends the jury verdict concerning the collision is contrary to law. His contention is based on responses the jury gave to questions on the calculation sheet. In relevant part the sheet provided:

Question No. 1:

Was the defendant, Ida Reed at fault in accident number one [the automobile-motorcycle collision]?

Answer No. 1:

Yes

\* \* \* \* \* \*

Question No. 2:

Was the plaintiff, Gregory Buckland at fault in accident number one [the automobile-accident collision]?

Answer No. 2:

Yes

Question No. 3:

If your answer is "yes" was the plaintiff's fault in the accident number one a proximate cause of the injury to the plaintiff?

Answer No. 3:

---

1. The evidence concerning the amount of alcohol Buckland consumed was contradictory. In his deposition, Buckland testified he consumed four shots of 80 proof Barcardi Rum prior to the fall. On direct examination at trial, Buckland testified he consumed three shots of rum prior to the fall. On cross examination, Buckland admitted he told an EMT on the night of the fall that he had consumed slightly less than a half pint of 80 proof rum.

No *Record* at 128. The jury then proceeded to answer the remaining questions attributing 60% fault to Reed, 40% fault to Buckland, assessing Buckland's total damage at $20,-000.00 and attributing $12,000.00 as the amount proximately caused by Reed. According to Buckland it is inconsistent and legally impossible for the jury to determine that his fault was not the proximate cause of his injuries and then allocate 40% fault to him. Thus, Buckland concludes, the verdict is contrary to law.

Buckland's argument must fail for at least two reasons. First, any irregularity in the verdict form should have been brought to the trial court's attention immediately after the verdict was returned. Buckland did not have the option to simply ignore the irregularity and hope for reversal on appeal. *DDR Computer Service Bureau, Inc. v. Davis* (1980), Ind.App., 411 N.E.2d 722. The record here does not reveal that Buckland raised any objection to the calculation sheet. Indeed, the matter of the inconsistency was brought to the trial court's attention only during the hearing on Buckland's motion to correct error. If timely objection had been made, then, assuming the verdict was improper, the trial court could have apprised the jury of the irregularity and a proper verdict could have been reached. *See* Ind.Code § 34–4–33–9.

Second, and perhaps more importantly, Buckland's argument is premised on the notion that the calculation sheet should be treated as a special verdict or interrogatories. In support of his position Buckland cites *Childress v. Lake Erie & Western R.R. Co.* (1914), 182 Ind. 251, 105 N.E. 467 where the court determined a judgment was unauthorized and invalid because answers to jury interrogatories did not support a special verdict. However, *Childress* is no longer good law. In *State Through Highway Dept. v. Snyder* (1992), Ind., 594 N.E.2d 783, our supreme court noted that special verdicts and interrogatories were eliminated by Indiana Trial Rule 49. The court continued:

> [T]he verdict in [the plaintiff's] claim against [the defendant] cannot be considered by us as a special verdict or interrogatory. We acknowledge that the statutory scheme of the Comparative Fault Act requires that several verdict forms be given to the jury. We view this as an attempt by the legislature to prescribe a procedure by which the jury might be guided through the process of determining fault and assessing damages, and we do not intend to discourage the use of these forms in assisting the jury to properly determine fault and award damages in controversies tried under the Comparative Fault Act. However, we will not consider such verdict forms to be special verdicts or interrogatories. We hold that such forms as are prescribed by the Act will be treated as general verdicts and may not be used to impeach the general verdict....

*Id.* at 786. We reach a similar conclusion here. The jury was provided several general verdict forms along with a calculation sheet to assist it in the computation of damages. The jury entered its verdict on a separate form after answering questions and making calculations on the sheet. Notwithstanding any inconsistent answers, we will treat the verdict as a general one which may not be impeached by the calculation sheet.

Buckland insists that apart from the inconsistent answers on the calculation sheet, the jury verdict was nonetheless grossly inadequate. In support of his position Buckland points out that the jury assessed total damages of only $20,000.00 and evidence of record shows he incurred medical bills and lost wages equalling $17,805. Buckland laments "it is inconceivable that given his percentage of impairment, his limitation of activity, and his obligation to repay, that his pain and suffering would be worth only $2,195.00." *Brief of Appellant* at 22.

Buckland carries a heavy burden. First, a jury is not required to award substantial damages for pain and suffering. *Symon v. Burger* (1988), Ind.App., 528 N.E.2d 850. Second, this court employs a strict standard when reviewing a claim that an award of damages is inadequate or excessive. We neither reweigh evidence nor judge witness credibility. Rather, we consider only the evidence favorable to the award. *Up-*

*church v. Henderson* (1987), Ind.App., 505 N.E.2d 455. A judgment for damages will be reversed as inadequate only when it is apparent from the evidence that the damages assessed by the jury are so small as to convince us that the jury was motivated by prejudice, passion, partiality or corruption or else considered some improper element in arriving at its assessment. *Baker v. Champion Motor Home Co., Inc.* (1987), Ind.App., 505 N.E.2d 144, *trans. denied.* The mere fact that an injured party is of the opinion that he or she is entitled to be more amply compensated for injuries sustained does not support the proposition that the injured party is entitled to greater damages as a matter of law. *English Coal Co., Inc. v. Durcholz* (1981), Ind. App., 422 N.E.2d 302, 312.

■ Because of the apportionment of fault, Buckland was awarded $12,000.00 of the $20,000.00 in total assessed damages. The total assessed damages were clearly in excess of the amount of Buckland's medical bills and lost wages. Not only was the jury not required to award substantial damages for pain and suffering, but also the jury was not required to believe that Buckland suffered permanent and disabling injuries. Testimony at trial revealed that since the time of the collision Buckland had engaged in various activities including golfing, swimming, bicycling, weight lifting and aerobics. The damage award here was consistent with the evidence and not so small as to convince us that the jury was motivated by prejudice, passion, partiality, corruption or some other improper element. We find no error.

## II.

Buckland next contends the jury's determination that Reed was not at fault in the slip and fall incident must have been the result of "mere guess, conjecture or prejudice." *Brief of Appellant* at 24. According to Buckland, his own testimony and that of his treating physician conclusively show that the second injury would not have occurred had it not been for the March 11 injury.

■ Because he had the burden of proof at trial concerning the cause of the second injury, Buckland appeals from a negative judgment. When a party appeals from a negative judgement, he must demonstrate that the evidence points unerringly to a conclusion different from that reached by the jury. *Communications Workers of America Locals 5800, 5714 v. Beckman* (1989), Ind. App. 540 N.E.2d 117. We will reverse a negative judgment only if the decision of the jury is contrary to law. *Aetna Casualty & Sur. Co. v. Crafton* (1990), Ind.App. 551 N.E.2d 893. In examining whether a jury's decision is contrary to law, we must determine whether the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the jury has reached a different one. *Id.* Further, as a general rule proximate cause is a question of fact to be determined by the trier of fact. It becomes a question for the court only in plain and undisputable cases. *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, *trans. denied.*

■ Contrary to Buckland's contention the proximate cause of his second injury was very much disputed and the jury was not bound to accept his theory of the case. The evidence most favorable to the judgment reveals Buckland consumed some amount of alcohol on the evening of the accident. The record also reveals Buckland chose to take a shortcut down a wet grassy slope, rather than walk on the sidewalk, while his knee was admittedly weak and not yet fully recovered from the car accident. This evidence was sufficient for the jury to conclude that Reed's negligence had nothing to do with Buckland's fall. The jury's verdict was not contrary to law and thus we may not reverse.

Judgment affirmed.

SHARPNACK, C.J., and NAJAM, J., concur.