**CITY OF PORTAGE, Indiana; and Davud R. Czilli, Appellants– Defendants,**

v.

**Audrey LINDBLOOM, Appellee–Plaintiff.**

**No. 64A03–9503–CV–96.**

Court of Appeals of Indiana.

Aug. 29, 1995.

Transfer Denied Feb. 21, 1996.

Gregory A. Sobkowski, Laura B. Frost, Hodges & Davis, P.C., Merrillville, for appellants.

Wanda E. Jones, Rubino & Jones, Munster, Jay A. Charon, Spangler, Jennings & Dougherty, Merrillville, for appellee.

## OPINION

GARRARD, Judge.

Audrey Lindbloom was severely injured in an automobile accident in Porter County, Indiana. The City of Portage (City) and David R. Czilli appeal a judgment entered against them in Lindbloom's negligence claim.

## FACTS

At approximately 11:00 p.m. on May 3, 1991, Dwayne Tate was driving southbound on CR 450W, a two-lane road. At the intersection with U.S. 6, a preferential two-lane highway, Tate came to a stop. On the south shoulder of U.S. 6, approximately fifty feet west of the intersection, Police Officer David Czilli had stopped his patrol car and activated his warning lights. Czilli pulled over after a vehicle behind him had flashed its headlights. Upon pulling over, Czilli realized the other driver was a friend, Mitchell Salain. Salain parked his vehicle behind Czilli's squad car. Tate, unsure of how to proceed given the police car's presence, remained stopped at the intersection. He started to back up his vehicle, still watching the police car, when the squad car's headlights flashed off and back on. Tate interpreted this as a signal for him to proceed into the intersection. Before pulling forward, Tate looked to the right, to the left, and back to the right again to check for traffic, and then drove into the intersection. His vehicle collided with a car driven by Jack Pennington, who was eastbound on U.S. 6. Lindbloom, a passenger in Tate's car, suffered serious and permanent injuries.

At trial the jury returned a verdict against the City and Czilli for $1,000,000.[1] The defendants' motion for judgment on the evidence was denied, and the trial court entered judgment against the City and Czilli in the amount of $300,000, the statutory limit under the Tort Claims Act. Ind. Code § 34–4–16.5–4.

## DISCUSSION

The City and Czilli raise several alleged errors; however, our decision only requires us to determine whether the trial court erred in denying defendants' motion for judgment on the evidence.

In reviewing a trial court's ruling on a motion for judgment on the evidence, the appellate court must consider only the evidence and reasonable inferences most favorable to the nonmoving party. *Clark v. Wiegand* (1993), Ind., 617 N.E.2d 916, 918. The evidence must support without conflict only

---

1. Additional defendants Salain and Pennington were dismissed prior to trial.

one inference which is in favor of the defendant. *Ross v. Lowe* (1993), Ind., 619 N.E.2d 911, 914. If there is any probative evidence or reasonable inference which would allow reasonable persons to differ, then judgment on the evidence is improper. *Clark*, 617 N.E.2d at 918.

■■■ A plaintiff can recover for negligence only upon establishing that the defendant breached a duty owed to the plaintiff that was the proximate cause of the plaintiff's injuries. *Barsz v. Max Shapiro, Inc.* (1992), Ind.App., 600 N.E.2d 151, 152. A negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated. *McKinney v. Public Service Co. of Indiana, Inc.* (1992), Ind.App., 597 N.E.2d 1001, 1005, *trans. denied.* Proximate does not mean approximate. It means the immediate, nearest, direct, next in order, and, in its legal sense, closest in causal connection. *Walker v. Jones* (1987), Ind.App., 511 N.E.2d 507, 509. The requirement of foreseeability is directly related to the rule that an intervening cause may serve to cut off the liability of one whose original act sets in motion the chain of events leading to the injury. *Id.* Such intervening cause is not a concurrent or contributory cause, but is a superseding cause. If the intervening cause is foreseeable, the original tort-feasor cannot escape liability because of it. *Id.* Conversely, if the intervening cause is not foreseeable as a natural consequence of the original act, then the original tort-feasor cannot be held liable for injuries caused by the intervening action. *Id.*

Here, the City and Czilli argue that Czilli's act of flashing the headlights of the police car was not the proximate cause of the accident, as it was the intervening negligence of Tate in pulling out in the path of Pennington's vehicle which caused Lindbloom's injuries. Tate testified that, after seeing the headlights flash, he checked traffic in both directions on U.S. 6 before pulling out. Thus, although Tate testified that he understood the flashing headlights to be a signal for him to proceed, he did not interpret the headlights as an indication that the intersection was clear, as evidenced by the fact that he carefully checked the traffic before pulling into the intersection. There was no evidence that Czilli was at the intersection directing traffic; had this been the situation, Tate clearly would have been required to follow his directive. I.C. § 9–21–8–1. There was also no evidence that Czilli's vehicle obstructed Tate's view of eastbound traffic on U.S. 6. Lindbloom argues that the flashing police lights commanded Tate's attention and thus prevented him from seeing Pennington's vehicle. However, as in *Walker:*

> The appellees have cited no case holding that the existence of some attraction or event, either deliberately or negligently created along the side of the road, which diverts the attention of an operator of a motor vehicle, is either negligence or proximate causation rendering the creator of the attraction liable. Indeed, the highways abound in such bizarre creations carefully designed to draw the attention of motorists.

*Id.* at 510.

■■■ The critical question is whether a person in Czilli's position could have reasonably foreseen that, after flashing his headlights, Tate would have carefully checked for oncoming traffic, failed to see an oncoming vehicle, and pulled out directly into the vehicle's path. The flashing of headlights did lead Tate to conclude that he did not have to remain stopped at the intersection. However, Tate did not believe that he could immediately proceed into the intersection, because he carefully checked the traffic before moving forward. Tate's actions were not the natural consequence of Czilli's action, and we conclude that a reasonable person would not have foreseen that Tate would check for oncoming traffic and then fail to yield the right-of-way. Therefore, even assuming any action on the part of Czilli was negligent, Tate's subsequent actions intervened to cut off any proximate causation.

We reverse with instructions to enter judgment in favor of the City of Portage and Czilli.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs in result.