Jessica J. MANZO, Gerald Manzo, and Patty Manzo, Appellants–Plaintiffs,

v.

Aimee C. ESTEP, Appellee–Defendant.

No. 45A04–9703–CV–108.

Court of Appeals of Indiana.

Dec. 19, 1997.

Donald R. Capp, James, James and Manning, Dyer, for Appellants–Plaintiffs.

Robert M. Green, Timothy M. Swan & Associates, Merrillville, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs-Appellants Jessica Manzo (Jessica), Gerald Manzo and Patty Manzo appeal their award of damages by the jury.

We reverse and remand for a new trial only as to damages that are directly attributable to this accident.

### ISSUE

Plaintiffs present one issue for our review which we restate as: whether the jury award of zero dollars ($0) in damages is inadequate.

### FACTS AND PROCEDURAL HISTORY

On October 21, 1993, the automobile driven by the Plaintiff–Appellant, Jessica Manzo, was rear-ended by the automobile driven by the Defendant–Appellee, Aimee Estep. Following the accident, Jessica suffered from neck and back pain, headaches, a tingling sensation in her neck, a possible spinal cord contusion, and a loss of sensation on the left side of her body.

Following a one day jury trial on November 6, 1996, the jury returned a verdict in favor of the Plaintiffs, but awarded the Plaintiffs zero dollars ($0) in damages. The Plaintiffs then filed their motion to correct error, based upon an inadequate jury award, which was denied by the trial court on December 2, 1996, following a hearing on November 27, 1996. The Plaintiffs then timely filed this appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Plaintiffs contend that the jury award of zero dollars ($0) in damages is contrary to the evidence and is therefore inadequate.

We first note that Trial Rule 59 of the Indiana Rules of Trial Procedure states that a motion to correct error is a mandatory prerequisite for appeal when a party claims the jury·verdict is inadequate. T.R. 59(A)(2). The Plaintiffs in this case filed their motion to correct error with the trial court on November· 7, 1996. A hearing was held on Plaintiffs' motion on November 27, 1996, and the motion was subsequently denied by the trial court on December 2, 1996. Thus, the Plaintiffs have complied with T.R. 59(A)(2) in order to have their appeal heard as to an inadequate jury award.

The appellate court employs a strict standard when reviewing a claim that an award of damages is inadequate, and we will neither reweigh the evidence, nor judge the credibility of the witnesses. We consider only the evidence favorable to the award. *Buckland v. Reed,* 629 N.E.2d 1241, 1244 (Ind.Ct.App.1994) (citing *Upchurch v. Henderson,* 505 N.E.2d 455 (Ind.Ct.App. 1987)). Moreover, we must not substitute

our idea of a proper award for that of the jury. *Prange v. Martin,* 629 N.E.2d 915, 922 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* Further, we will not reverse a damage award so long as the damages are within the scope of the evidence. *Burris v. Riester,* 506 N.E.2d 484, 485 (Ind.Ct.App.1987), *reh'g denied, trans. denied* (citing *Old Town Development Company v. Langford,* 267 Ind. 176, 369 N.E.2d 404 (1977)). A verdict will be reversed only upon a finding that, based upon the evidence, the amount of damages awarded indicate that the jury was motivated by prejudice, passion, partiality, corruption or consideration of some improper element. *Barrow v. Talbott,* 417 N.E.2d 917, 922 (Ind. Ct.App.1981) (citing *Faulk v. Chandler,* 408 N.E.2d 584 (Ind.Ct.App.1980)); *see also Buckland,* 629 N.E.2d at 1245. We will not deem a verdict to be the result of improper considerations unless it cannot be explained on any other reasonable grounds. *Prange,* 629 N.E.2d at 922 (citing *Crump v. Rhodes,* 488 N.E.2d 741, 742 (Ind.Ct.App.1986), *reh'g denied, trans. denied* (1987)). Thus, even where the evidence is variable or conflicting as to the nature, extent and source of the injury, the jury is in the best position to determine the amount of damages, and we will not disturb the award. *Barrow,* 417 N.E.2d at 922.

However, Indiana does subscribe to "the general principle of tort law that all damages directly attributable to the wrong done are recoverable." *Burris,* 506 N.E.2d at 485 (citing *Coy v. Indianapolis Gas Co.,* 146 Ind. 655, 46 N.E. 17 (1897)). Further, our court has held that a victim's undisputed actual medical expenses are compensable. *Cox v.*

*Winklepleck,* 149 Ind.App. 319, 271 N.E.2d 737 (1971).

■ In this case, the jury awarded the Plaintiffs zero dollars ($0) in damages. The facts in the record reveal that this damage award did not compensate the Plaintiffs for even the actual, undisputed medical expenses which were incurred as a result of Jessica's injuries. The Defendant, through cross examination, disputed the source of Jessica's injury characterized as a tingling sensation in her neck. The Defendant presented evidence that this was a pre-existing injury and argued that therefore the source of this ailment was not the automobile accident of October 21, 1993. Further, the Defendant disputed the amount of lost wages claimed by Jessica,[1] the extent of her injury as a result of the loss of sensation on the left side of her body,[2] the extent of her back pain,[3] and the existence of a spinal cord contusion.[4] Because of the conflicting evidence as to the nature, source and extent of these injuries, we cannot disturb the jury's award of damages based upon these particular injuries. However, there remain actual, undisputed medical expenses for which no damages were awarded.

Jessica testified that she experienced back and neck pain immediately following the accident. She was taken to the hospital emergency room by ambulance, where her treatment included the taking of x-rays. These items of damages were undisputed at trial.[5] Although these actual medical expenses were undisputed, the jury returned an award of zero dollars ($0) in damages. Therefore, because the jury's award failed to compensate Jessica for actual, undisputed medical ex-

1. Jessica testified that she was off work for one week and that her employer then did not schedule her to work for another two weeks. Appellee argues that no evidence was presented as to Jessica's rate of pay or number of hours worked in order to compute lost wages for the one week Jessica claims she was away from work. Appellee further disputes the basis for the loss of wages for the additional two weeks.

2. Defense counsel argued at trial that the loss of sensation felt by Jessica produced no real injury because she had not noticed the loss until the doctor performed a subjective pin prick test on her and because there was testimony at trial that

this loss of sensation did not prevent her from participating in any activities.

3. At trial, defense counsel questioned Jessica about an alleged diagnosis of scoliosis and further disputed the extent of her back pain.

4. Although Jessica's doctor testified this condition was not likely to show up on an MRI, defense counsel argued all x-rays and diagnostic tests produced normal results and therefore no spinal cord contusion existed.

5. In fact, at trial the defense rested without presenting any testimony.

penses that are directly attributable to this accident, we hold it is inadequate. *See Burris,* 506 N.E.2d 484 (jury's damages award held inadequate because award failed to compensate plaintiff for actual, undisputed medical expenses and lost wages).

When we find an award of damages is inadequate, we may order a new trial on damages alone, only if it is clear that the jury verdict regarding liability was not the result of a compromise. *Burris,* 506 N.E.2d at 486 (citing *State v. Tabler,* 178 Ind.App. 31, 381 N.E.2d 502 (1978), *trans. denied,* 272 Ind. 32, 395 N.E.2d 787 (1979)). In the instant case, the defendant stipulated to liability and the trial was held only as to the issue of damages. Therefore, on remand a new trial need be held only as to damages that are directly attributable to this accident.

## CONCLUSION

The jury's failure to compensate Jessica for actual, undisputed medical expenses directly attributable to the wrong done resulted in an inadequate damages award.

Reversed and remanded for a new trial consistent with this opinion.

CHEZEM and SULLIVAN, JJ., concur.