Amy N. NEHER, Appellant–Defendant,

v.

Gregory D. HOBBS and Emma J. Hobbs, Appellee–Plaintiffs.

No. 92A04–0008–CV–316.

Court of Appeals of Indiana.

April 18, 2001.

Publication Ordered June 8, 2001.

Transfer Granted September 6, 2001.

50

Branch R. Lew, Kerry M. Hultquist, Hunt, Sudehoff, Kalamaros, LLP, Fort Wayne, IN, Attorneys for Appellant.

Dennis H. Geisleman, Dennis R. Brown, Law Office of Dennis H. Geisleman, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Amy Neher appeals the trial court's grant of a Motion to Correct Errors in favor of Gregory and Emma Hobbs setting aside the jury verdicts and ordering a new trial in the Hobbs' action against Neher. We reverse and remand with instructions.

### Issues[1]

Neher raises the following restated issues for our review:

1. Whether the trial court's special findings of fact sufficiently complied with the requirements of Trial Rule 59(J)(7); and

2. Whether the damage award was inadequate, thereby warranting a new trial pursuant to Trial Rule 59(J)(7).

### Facts and Procedural History

The facts reveal that on October 11, 1995, an automobile driven by Neher collided with a G.T.E. van driven by Gregory in Whitly County, Indiana. Gregory was operating the van within the scope of his employment as a service technician or "troubleshooter" for G.T.E. On October 10, 1997, Gregory and his wife Emma filed suit against Neher alleging negligence and loss of consortium and services. At the conclusion of the trial, the jury entered a verdict on the negligence claim in favor of Gregory against Neher but awarded zero ($0.00) damages. With regard to the loss of consortium and services claim, the jury entered a verdict against Emma in favor of

---

1. On cross-appeal, the Hobbs argue that the trial court's order granting the Motion to Correct Errors should have limited the grant of the new trial to the issue of damages only. Because we have reversed the trial court's grant of the Motion to Correct Errors, we need not address this issue.

Neher. Thereafter, the Hobbs filed a Motion to Correct Errors with the trial court. Following a hearing, the trial court granted the Hobbs' motion and ordered that the judgment be vacated and a new trial be held pursuant to Indiana Trial Rule 59(J)(7). This appeal ensued. Additional facts will be provided when necessary.

*Discussion and Decision*

I. Standard of Review Trial Rule 59(J)

■ The trial court granted Hobbs' Motion to Correct Errors and ordered a new trial pursuant to Indiana Trial Rule 59(J). When considering a Motion to Correct Errors and a request for new trial, a trial court is governed by Indiana Trial Rule 59(J)(7), which provides in part: "[T]he court shall grant a new trial if it determines that the verdict of a non-advisory jury is ... clearly erroneous as contrary to or not supported by the evidence...." The trial judge sits as a "thirteenth juror" and must determine whether in the minds of reasonable men a contrary verdict should have been reached. *Precision Screen Mach., Inc. v. Hixson,* 711 N.E.2d 68, 70 (Ind.Ct.App. 1999). The trial judge, as a "thirteenth juror," hears the case along with the jury, observes the witnesses for their credibility, intelligence and wisdom, and determines whether the verdict is against the weight of the evidence. *Id.*

■ Once the trial court has granted a new trial, we will reverse this decision only for an abuse of discretion. *Schuh v. Silcox,* 581 N.E.2d 926, 927 (Ind.Ct.App. 1991). An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *DeVitto-*

*rio v. Werker Bros., Inc.,* 634 N.E.2d 528, 530 (Ind.Ct.App.1994). We review the record only to see if: (a) the trial court abused its discretion; (b) a flagrant injustice has occurred; or (c) the appellant has presented a very strong case for relief from the trial court's order granting a new trial. *Hixson,* 711 N.E.2d at 70. However, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* The trial court has broad discretion to grant or deny a motion for a new trial. *Schuh,* 581 N.E.2d at 927. The trial court's action in granting a new trial is given a strong presumption of correctness. *Keith v. Mendus,* 661 N.E.2d 26, 32 (Ind. Ct.App.1996), *trans. denied.*

■ Therefore, it is our duty to affirm the trial court's order for a new trial unless it is clearly demonstrated by Neher that the trial court abused its discretion.

II. Sufficient Findings of Fact

Neher first contends that the trial court erred in setting aside the jury verdicts and granting a new trial because special findings of fact required by Trial Rule 59(J)(7) were insufficient. We disagree.

■ Trial Rule 59(J)(7) [2] provides in pertinent part that:

> The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:
>
> (1) Grant a new trial;
> * * *
> When a new trial is granted because the verdict, findings or judgment do not ac-

---

**2.** We note that a new version of Trial Rule 59 became effective January 1, 2001. Because the older version of the trial rule was in effect when the trial court entered its order on Hobbs' Motion to Correct Errors, we have applied the old version of this rule.

cord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

The procedural requirements outlined in Trial Rule 59(J)(7) have been characterized as "paramount," and the process of entering the requisite findings as "arduous and time-consuming." *State v. McKenzie,* 576 N.E.2d 1258, 1260 (Ind.Ct.App.1991), *trans. denied.* The purpose of the special findings of fact is to provide the parties and the reviewing court with the theory of the trial court's decision. *DeVittorio,* 634 N.E.2d at 531. The findings may summarize the evidence so long as the summary is complete enough to facilitate appellate review. *Malacina v. Malacina,* 616 N.E.2d 1061, 1063 (Ind.Ct.App.1993).

 The trial court's June 21, 2000, order on the Hobbs' Motion to Correct Errors provides in pertinent part:

1. On October 11, 1995, [Gregory], was operating a van in the scope of his employment in an easterly direction on U.S. Highway 30 in Whitley County, Indiana.

2. [Gregory's] company van was struck in the rear by a vehicle operated by [Neher].

3. [Gregory] sought to recover damages from [Neher] which he alleges resulted from the collision and for which he alleges [Neher] was at fault.

4. [Emma], his spouse, has a derivative claim against [Neher] for loss of consortium and services.

* * *

7. During the presentation of the case to the Jury, [Neher] conceded that [Gregory], was not at fault in the accident.

8. Further, evidence was presented to the Jury regarding stipulated Worker's Compensation benefits paid to [Gregory], as a result of the accident. [Gregory's] exhibit 322 sets forth this stipulation, which is attached hereto and incorporated herein.

9. The Jury found the Defendant at fault for the accident. By stipulation, medical expenses were incurred by [Gregory], and he was permanently impaired. These damages resulted from the accident.

10. The award of $0 damages to [Gregory], is contrary to the evidence, clearly erroneous, and contrary to law.

11. Harmful error has been committed as to [Gregory].

12. Regarding [Emma's] derivative claim, the Jury found that [Neher] was not at fault.

13. The verdict on the derivative claim is inconsistent with the Jury's determination of fault on the primary claim.

14. Harmful error has occurred as to [Emma].

R. 16–17. Where, as in the present case, the trial court grants a new trial on the basis that the decision of the jury is "clearly erroneous as contrary to or not supported by the evidence" then the findings need only "show why judgment was not entered upon the evidence." T.R. 59(J)(7); *Wedmore v. Jordan Motors, Inc.,* 589

N.E.2d 1180, 1183 (Ind.Ct.App.1992), *trans. denied.*

Although the trial court may not have discussed the trial testimony and evidence line by line, we believe that the order sets forth a sufficient summary of the basis of its decision to set aside the jury verdicts and grant a new trial. We therefore hold that the trial court's order sufficiently complies with the requirements of Trial Rule 59(J)(7).

### III. Damage Award

Neher also contends that the trial court erred in setting aside the jury's verdicts and granting a new trial pursuant to Trial Rule 59(J) because the damage award was within the scope of evidence and therefore adequate. We agree.

### A. Standard of Review

 The appellate court employs a strict standard when reviewing a claim that an award of damages is inadequate, and we will neither reweigh the evidence, nor judge the credibility of the witnesses. *Manzo v. Estep,* 689 N.E.2d 474, 475 (Ind. Ct.App.1997). We consider only the evidence favorable to the award. *Id.* Moreover, we must not substitute our idea of a proper award for that of the jury. *Prange v. Martin,* 629 N.E.2d 915, 922 (Ind.Ct. App.1994), *trans. denied.* Further, we will not reverse a damage award so long as the damages are within the scope of the evidence. *Burris v. Riester,* 506 N.E.2d 484, 485 (Ind.Ct.App.1987), *trans. denied.* A verdict will be reversed only upon a finding that, based upon the evidence, the amount of damages awarded indicate that the jury was motivated by prejudice, passion, partiality, corruption or consideration of some improper element. *Barrow v. Talbott,* 417 N.E.2d 917, 922 (Ind.Ct.App. 1981). We will not deem a verdict to be the result of improper considerations unless it cannot be explained on any other reasonable grounds. *Prange,* 629 N.E.2d

at 922. Thus, even where the evidence is variable or conflicting as to the nature, extent and source of the injury, the jury is in the best position to determine the amount of damages, and we will not disturb the award. *Barrow,* 417 N.E.2d at 922. Indiana does subscribe to "the general principle of tort law that all damages directly attributable to the wrong done are recoverable." *Burris,* 506 N.E.2d at 485. Furthermore, a victim's undisputed actual medical expenses are compensable. *Manzo,* 689 N.E.2d at 476 (citing *Cox v. Winklepleck,* 149 Ind.App. 319, 271 N.E.2d 737 (1971)).

### B. The Hobbs' Damage Award

 Here, Gregory brought a negligence claim and Emma brought a derivative claim of loss of consortium and services against Neher. The jury returned a verdict in favor of Gregory on the negligence cause of action but awarded zero ($0.00) damages. With regard to Emma's cause of action for loss of consortium and services, the jury returned a verdict in favor of Neher. Because Neher conceded liability, the only issue before the jury was the amount of damages attributable to the automobile accident that occurred on October 11, 1995.

 The parties stipulated to the following at trial:

> The parties stipulate that the worker's compensation carrier paid to the healthcare providers for [Gregory] the sum of $4,234.37 for medical expenses incurred and paid directly to [Gregory] the sum of $2,500.00 in compensation for his 5% PPI rating. The parties further stipulate that if [Gregory] should recover a verdict in this case, then the worker's compensation carrier is entitled to be reimbursed for any verdict.

R. 18. Although worker's compensation benefits were paid to Gregory, we do not believe that this conclusively proves that the automobile accident resulted in Gregory's injuries. In order to recover damages, Gregory had to prove all of the elements of the tort of negligence at trial. The tort of negligence consists of three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) injury to the plaintiff proximately caused by that breach. *Bloemker v. Detroit Diesel Corp.,* 720 N.E.2d 753, 756 (Ind.Ct.App.1999), *trans. denied.*

In determining whether an act is the proximate cause of another's injury, this court considers whether the injury was a natural and probable consequence of the negligent act which, in the light of the attending circumstances, could have been reasonably foreseen or anticipated. *Goldsberry v. Grubbs,* 672 N.E.2d 475, 479 (Ind. Ct.App.1996), *trans. denied.* Thus, to be considered a proximate cause, the negligent act must have set in motion a chain of circumstances which in natural and continuous sequence lead to the resulting injury. *City of Portage v. Lindbloom,* 655 N.E.2d 84, 86 (Ind.Ct.App.1995), *trans. denied.* The policy underlying proximate cause is that we, as a society, only assign legal responsibility to those actors whose acts are closely connected to the resulting injuries, such that imposition of liability is justified. *Adams Township of Hamilton County v. Sturdevant,* 570 N.E.2d 87, 90 (Ind.Ct.App.1991), *trans. denied.* A tortfeasor generally takes a victim as he finds him. *See Brokers Inc. v. White,* 513 N.E.2d 200, 204 (Ind.Ct.App.1987).

Immediately following the accident, Gregory drove the van back to G.T.E. headquarters and then went to receive treatment at a nearby medical facility. He later received follow-up treatments from various medical practitioners. As of January 8, 2000, Gregory's medical bills totaled $5,312.65. Medical experts testified at trial that Gregory suffered an occipital nerve injury and that the cause of the injury was possibly the automobile collision which occurred on October 11, 1995. Evidence presented at trial established that Gregory primarily complained of chronic and severe headaches to his treating physicians.

Neher presented no medical testimony at trial. However, on cross-examination of Gregory and his witnesses, Neher elicited testimony that Gregory complained of severe headaches before the automobile accident on October 11, 1995. Therefore, the jury was presented with evidence that Gregory's injury and resulting pain from chronic and severe headaches pre-existed the automobile collision.

It is apparent from the amount of the damage award that the jury believed that Gregory's injury was pre-existing and not the result of the collision. Furthermore, it is clear that the jury concluded that Emma's loss of consortium and services claim should fail based upon its determination that Gregory was entitled to zero ($0.00) damages. A claim of a loss of consortium is derivative in nature; a cause of action for loss of consortium derives its viability from the validity of the claim of the injured spouse against the wrongdoer. *Nelson v. Denkins,* 598 N.E.2d 558, 563 (Ind.Ct.App.1992). Moreover, a jury is to be afforded great latitude in making damage award determinations. *Kimberlin v. DeLong,* 637 N.E.2d 121, 129 (Ind.1994), *cert. denied.* 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995). Awards for pain, suffering, fright, humiliation and mental anguish are particularly within the province of the jury because they involve the weighing of evidence and credibility of witnesses. *Landis v. Landis,* 664 N.E.2d 754, 757 (Ind.Ct.App.1996), *trans. denied.*

■ We believe that the damage award was within the scope of evidence presented at trial and that the trial court improperly invaded the province of the jury when it ordered a new trial pursuant to Trial Rule 59(J)(7). In addition, we find no evidence that the jury was motivated by prejudice, passion, partiality, corruption or consideration of some improper element. The Indiana Supreme Court has mandated reversal and reinstatement of the judgment where "the [trial] court overrides the jury in its special domain and substitutes its verdict for theirs without a clear showing that the ends of justice required it." *State v. White*, 474 N.E.2d 995, 1000 (Ind. 1985). In personal injury cases, the trier of fact is not required to award substantial damages for lost income, permanent impairment, or pain and suffering; an award of no damages or only nominal damages for these items may be appropriate if the evidence so warrants. *See Baker v. Champion Motor Home Co.*, 505 N.E.2d 144, 149–150 (Ind.Ct.App.1987), *trans. denied.*

■ Furthermore, the trial court tendered the following instruction to the jury:

If you find from a preponderance of all the evidence that the defendant is liable to the plaintiffs and that plaintiffs have suffered damages, then you must decide the amount of money that will fairly compensate plaintiffs for each proven element of damages.

In deciding these damages, you must consider the following:

a. The nature and extent of the injuries sustained by plaintiffs.

b. Whether the injuries are temporary or permanent.

c. The physical and mental suffering experienced [and reasonably certain to be experienced in the future] due to the injuries.

d. The reasonable expense of necessary medical care, treatment and services [and the reasonable expenses of future medical care, treatment and services].

R. 66. On appeal, we will presume the jury followed the law contained within the trial court's instructions and applied that law to the evidence before them. *Griffin v. Acker*, 659 N.E.2d 659, 664 (Ind.Ct.App. 1995), *trans. denied.*

■ A plaintiff may recover the reasonable value of the medical services rendered to him because of an injury, provided the services were necessary. *Smith v. Syd's, Inc.*, 598 N.E.2d 1065, 1066 (Ind. 1992). It was possible for the jury to conclude that a plaintiff's actual medical expenses were not reasonable and necessary and award damages in an amount less than those expenses, although the actual amount paid for medical expenses can be evidence of the reasonable value of the services provided. *See Dee v. Becker*, 636 N.E.2d 176, 178 (Ind.Ct.App.1994). It is the jury's responsibility to evaluate the reasonableness of a plaintiff's claimed damages. *Id.* Based on the court's tendered instruction, we may assume that the jury determined that the amount of Gregory's contested medical expenses were not reasonable or necessary. Therefore, we reverse the trial court's order granting the Motion to Correct Errors in favor of the Hobbs' and remand with instructions to the trial court to reinstate the jury verdicts.[3]

_____

**3.** We note that this court in *Manzo v. Estep*, 689 N.E.2d 474 (Ind.Ct.App.1997), reversed the jury's award of zero ($0.00) damages to the plaintiff for injuries she incurred as a direct result of an automobile accident caused by the defendant's negligence. We affirmed the jury's verdict of zero ($0.00) damages for the injuries defendant argued at trial pre-

## Conclusion

Based on the foregoing, we hold that the trial court's special findings of fact sufficiently complied with the requirements of Trial Rule 59(J)(7). However, we hold that the damage award was within the scope of the evidence and the trial court improperly invaded the province of the jury in ordering a new trial pursuant to Trial Rule 59(J)(7). Therefore, we reverse the trial court's grant of the Motion to Correct Errors in favor of the Hobbs' and remand to the trial court with instructions to reinstate the jury verdicts.

Reversed and remanded with instructions.

RILEY, J., concurs.

DARDEN, J., dissents with opinion.

DARDEN, Judge, dissenting.

I respectfully dissent. I believe that upon a jury's finding of negligence on the part of the defendant, its failure to award any damages to the plaintiff cannot be sustained unless there is simply no evidence that the plaintiff suffered any damage whatsoever.

As noted by the majority, after Neher's car struck the van Gregory was driving, Gregory "immediately" sought treatment "at a nearby medical facility." The majority notes Gregory's "follow-up treatments from various medical practitioners," and the stipulation as to certain medical payments having been made on his behalf. It cites jury instructions regarding appropriate considerations as to the jury's decision on damages. The majority then reverses the order for a new trial based upon its conclusion that the evidence does not "conclusively prove[ ] that the automobile accident resulted in Gregory's injuries" inasmuch as the jury "was presented with evidence that Gregory's injury and resulting pain from chronic and severe headaches pre-existed the automobile collision."

The jury returned a verdict for Gregory, finding that Neher was negligent. To the extent that the majority concludes that the jury could have found that *all* medical expenses incurred by Gregory did not necessarily result from the accident, I agree. However, given the undisputed evidence that this was a serious accident and that Gregory did immediately undergo a medical examination after the accident, at least some damages must have been incurred as a result of the accident. It may be that nominal damages would suffice in such a case. But here, no damages were awarded suggesting that it is not reasonable for one involved in an automobile accident to seek a medical evaluation as to any injury therefrom.

Upon the facts of this case, I agree with the trial court that the $0 damages verdict was contrary to the evidence and contrary

---

existed the automobile accident. *Id.* at 476. However, we reversed and ordered a new trial regarding the damages that were a direct result of the accident, actual undisputed medical damages. *Id.* at 477. In the present case, the defendant presented evidence that Hobbs' injury pre-existed the automobile accident and that there did not exist actual undisputed medical damages.

Recently in *Precision Screen Machines, Inc. v. Hixson*, 711 N.E.2d 68 (Ind.Ct.App.1999), we affirmed the trial court's grant of a new trial where the jury awarded zero ($0.00)

damages to plaintiff for injuries she incurred as a direct result of a work-related accident. We held in *Hixson* that the plaintiff was entitled to the actual undisputed medical damages. *Id.* at 71. However, the plaintiff's injuries in *Manzo* were clearly a direct result of the accident at work, no evidence was presented by the defendant that the complained of injuries pre-existed the accident. *Id.*

Although both *Manzo* and *Hixson* were helpful in reaching our decision in the present case, neither one of the opinions have the same fact pattern that exists here.

to law, and I would affirm the order for a new trial on the issue of damages.

### ORDER

This Court having heretofore handed down its opinion in this appeal April 18, 2001, marked Memorandum Decision, Not for Publication; and,

Comes now the Appellant, by counsel, and files herein Petition to Publish decision, alleging therein that said decision clarifies and/or modifies a rule of law concerning the validity of an award of zero damages when the jury finds the defendant liable and prays this Court to order the decision to be published, which said Petition is in the following words and figures, to-wit:

### (H.I.)

And the Court, having examined said Petition and being duly advised, now finds that said Petition should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Petition to Publish Decision is granted and this Court's opinion heretofore handed down in this cause on April 18, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.