**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 15 2012, 9:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY S. BRENMAN**
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VERNON L. MEFFORD, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1110-SC-495 |
| | ) | |
| LORI LITTLE and JASON M<sup>c</sup>CORD, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Stephen R. Galvin, Judge
Cause No. 53C07-1105-SC-1631

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

In this appeal arising from a claim for damages resulting from the breach of a lease of residential real estate, Plaintiff Vernon L. Mefford ("Mefford") appeals the trial court's judgment in favor the Defendants Lori Little ("Little") and Jason McCord ("McCord") (collectively, "the Defendants"). In its judgment, the trial court found that the Mefford had failed to comply with the requirements of Indiana Code section 32-31-3-12 *et seq*. and denied Mefford's claim for unpaid rent and damages to the property and ordered the return of the Defendants' security deposit. The sole issue on this appeal is whether the trial court erred in denying the Mefford's claim for damages on the basis that he had failed to provide the Defendants with a detailed list of damages as required by the statute.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2010, Mefford, Little, and McCord entered into a residential lease for a house in Bloomington, Indiana. Little and McCord paid the first month's rent and a $700.00 security deposit and moved into the property shortly thereafter. The relationship between the parties soon became strained. Mefford objected to McCord bringing certain landscaping equipment onto the property, and Little and McCord repeatedly complained of the property's physical condition. Little and McCord vacated the property in May of 2011.

In that same month, Mefford filed his claim for damages and unpaid rent against Little and McCord. Following trial, the trial court entered its judgment finding that Mefford had failed to comply with Indiana Code sections 32-31-3-12 to 32-31-3-16 by failing to return the security deposit or provide an itemization of the damages which he claimed. The trial court

2

also found that the property was uninhabitable for Little and McCord and for their newborn baby due to mold growing throughout the property, holes in the ceiling and walls and fiberglass insulation that was clearly visible, that Mefford refused to repair or remediate the problems, and entered judgment for Little and McCord. Mefford now appeals.

## DISCUSSION AND DECISION

On appeal, Mefford argues that the trial court erred in ordering a return of the security deposit as required by Indiana Code section 32-31-3-12 *et seq.* because Little and McCord failed to provide him a mailing address as required by the statute. Mefford failed, however, to make that argument to the trial court and failed to present any evidence to the trial court supporting such argument. He has, therefore, waived the issue. A party may not raise an issue on appeal which was not first presented to the trial court. *Blairex Labs., Inc. v. Clobes*, 599 N.E.2d 233, 237 (Ind. Ct. App. 1992), *trans. denied*.

Waiver notwithstanding, Mefford's argument must fail. Because he had the burden of proof at trial concerning the damages that he claimed, Mefford appeals a negative judgment. When a party appeals a negative judgment, he must demonstrate that the evidence points unerringly to a conclusion different from that reached by the trier of fact. *Buckland v. Reed*, 629 N.E.2d 1241, 1245 (Ind. Ct. App. 1994). Mefford has failed to make such a demonstration. In light of the trial court's specific finding that the property was uninhabitable by Little and McCord and their infant son, the trial court did not err in entering judgment against Mefford. Affirmed.

NAJAM, J., and MAY, J., concur.

3