**Irene SCHUH, Appellant–
Plaintiff Below,**

v.

**Richard SILCOX, Appellee–
Defendant Below.**

No. 24A04–9105–CV–134.[1]

Court of Appeals of Indiana,
Third District.

Nov. 19, 1991.

Douglas C. Holland, Lawrenceburg, for appellant-plaintiff below.

M. Michael Stephenson, Stephen E. Schrumpf, McNeely, Sanders, Stephenson & Thopy, Shelbyville, for appellee-defendant below.

STATON, Judge.

Irene Schuh appeals the trial court's denial of her motion for a new trial after she received a negative judgment in her per-

---

**1.** This case was diverted to this office by order of the Chief Judge.

sonal injury action against Richard Silcox. Irene raises four issues for our review, which we rephrase as:

I.  Whether the trial court erroneously denied Irene's motion for a new trial.

II.  Whether the trial court erroneously refused evidence submitted by Irene as to the injuries sustained by Irene's mother in the same collision.

III.  Whether the trial court submitted an erroneous verdict form to the jury.

IV.  Whether the jury was properly instructed.

We reverse.

On November 25, 1987, Irene was a passenger in an automobile driven by her mother, Montana Schuh, when the vehicle was struck from behind by Silcox. Montana was seriously injured in the accident, and settled her claim with Silcox prior to trial. Just before trial began, the parties stipulated that it was Silcox's negligence that caused the accident. The parties contested the extent of Irene's injuries. The jury returned a verdict in favor of Silcox, and Irene moved for a new trial. Her motion was denied, and she appeals.

■■ Irene first contends that the denial of her request for a new trial was erroneous, inasmuch as the jury could not have properly found for Silcox after he stipulated that he caused the accident. The grant or denial of a motion for a new trial is within the broad discretion of the trial court, and we will reverse only for abuse of that discretion. *Ernst v. Ernst* (1987), Ind. App., 503 N.E.2d 619. An abuse of discretion will be found when the trial court's action is clearly erroneous; that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Fairfield v. Fairfield* (1989), Ind., 538 N.E.2d 948, *reh'g denied.*

■ In support of her claim, Irene cites the stipulation and to certain remarks made by Silcox's attorney. In his opening statement, counsel for Silcox opined:

We're not saying that [Irene] received no injury in that accident, OK? We bumped her and we hit her in the back end, she went to the emergency room and she had an Xray of her knee and we hurt her knee on that day, and yes, she deserves compensation for that. I'm telling you your job is to go back and give her compensation for that.

Record, p. 137. Irene argues that this statement was an admission of liability. We agree.

An opening statement acquaints the judge and jury with the facts that counsel intends to prove; it does not generally amount to substantive evidence. *Lystarczyk v. Smits* (1982), Ind.App., 435 N.E.2d 1011, 1014. However, an attorney can make an admission during opening statement that is binding upon his client and relieves the opposing party of the duty to present evidence on that issue. *Id.* The admission must be clear and unequivocal in order to be binding; where there is ambiguity or doubt in a statement, it is presumed that the attorney did not intend to make the admission. *Id.; Maldonado by Maldonado v. Gill* (1987), Ind.App., 502 N.E.2d 1371, 1372, *trans. denied* (opening statement containing admission that was not ambiguous nor an outline of anticipated proof held binding on client). *See also Mid–States Aircraft Engines, Inc. v. Mize Co., Inc.* (1984), Ind.App., 467 N.E.2d 1242, 1248 (statement of attorney at hearing on a motion to dismiss constituting admission); *Hockett v. Breunig* (1988), Ind.App., 526 N.E.2d 995, 998 (concession of attorney at summary judgment hearing binding on client).

We cannot imagine how the opening statement above could have been more unequivocal. Silcox conceded every element of Irene's negligence claim: a breach of a duty that is owed and injury proximately caused by the breach. *Conklin v. DeMastus* (1991), Ind.App., 574 N.E.2d 935, 938. The representation that Silcox injured Irene is binding on Silcox. *See Maldonado, supra.* The only issue remaining for the jury to resolve was the amount of compensation Irene was entitled to. Silcox's appellate brief is silent on this point.

The trial court's denial of Irene's motion for a new trial was against the logic and effect of the facts and inferences before

the court; therefore, we reverse and remand for a new trial. As liability has been stipulated, the new trial is limited solely to a determination of damages. Finding reversal is warranted on this first allegation of error, we need not address any additional issues.

Reversed.

BARTEAU, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. Silcox never disputed fault for the collision underlying Schuh's claim for damages in the present case. The trial proceeded on the issue of liability for damages. The evidence disclosed that at the time of the collision Schuh was examined. An x-ray of her right knee did not reveal any objective signs of injury. Schuh did not seek medical treatment for or make any complaint about injuries sustained in the collision until two years after the incident. In the interim, Schuh was involved in three more vehicular collisions, all of which involved contusions or pain in her right knee. Schuh denied ever complaining of pain caused by the subsequent accidents; however, medical records indicated otherwise.

At trial, Silcox maintained that, although he caused the collision in question, Schuh's injuries were not caused by the collision in which he was involved. The jury was instructed that Silcox caused the collision, but that Schuh carried the burden of demonstrating that her injuries were caused by the collision involving Silcox.

The jury returned a general verdict in favor of Silcox, which stated: "We, the Jury, find for the defendant Richard Silcox and against the plaintiff Irene Schuh." Schuh mistakenly interprets the verdict as a redetermination of fault for the collision. Based upon the evidence adduced at trial, the verdict reasonably indicated that Schuh failed to present adequate evidence that the injuries to her knee occurred in the collision involving Silcox. Schuh appears to contend that a jury must return a verdict for damages once fault for a collision is established. Schuh bases her argument upon a flawed premise: admitted negligence for causing the collision *ipso facto* established a duty to compensate the non-negligent party absent proof of damages. While Silcox's negligence provided the opportunity for harm, Schuh was not relieved of the responsibility of proving damages resulting from the collision.

Counsel's statement in opening argument, viewed in context with the circumstances,[1] logically meant only that Silcox caused the collision and that he was prepared to bear the burden of compensating Schuh *if the evidence demonstrated* harm to Schuh caused by his actions. Implicitly, the majority opinion relieves a plaintiff of the burden of establishing through probative evidence a nexus between the defendant's negligent conduct and the plaintiff's damages. An admission of negligence is not an admission of liability. *Progressive Const. v. Ind. & Mich. Elec.* (1989), Ind. App., 533 N.E.2d 1279, 1283–84. I would vote to affirm the judgment of the trial court.

1. Schuh praeciped for and included in the record only the following portion of the opening statement by counsel which is included almost in its entirety in the majority opinion:

"... We're not saying that she received no injury in that accident, OK? We bumped her and we hit her in the back end, she went to the emergency room and she had an Xray of her knee and we hurt her knee on that day, and yes, she deserves compensation for that.

I'm telling you your job is to go back and give her compensation for that. But that's what her injuries were, that's what the evidence will prove."

It appears that counsel was only outlining the evidence which would not constitute an admission. *See Lystarczyk, supra,* 435 N.E.2d at 1014 (mere outline of evidence not an admission, if ambiguity or doubt exists then presumed that counsel did not intend admission).