Mark A. MALACINA, Appellant–Respondent,

v.

Sherry L. MALACINA, Appellee–Petitioner.

No. 45A04–9209–CV–336.

Court of Appeals of Indiana, Fourth District.

July 20, 1993.

Tula Kavadias, East Chicago, for appellant-respondent.

James E. Rice, Sachs and Hess, P.C., Hammond, for appellee-petitioner.

CHEZEM, Judge.

### Case Summary

Respondent–Appellant Mark A. Malacina (Mark) appeals the trial court's granting of a motion to correct error and order for a new trial. We remand to the trial court with instructions.

### Issues

Mark presents three (3) issues for our review, which we consolidate and restate as follows:

I. Whether the trial court erred in granting a motion to correct errors.

### Facts and Procedural History

On March 4, 1988, Mark and Sherry dissolved their marriage. The trial court awarded custody of their minor child to Sherry and ordered Mark to pay seventy-five dollars ($75.00) per week in child support.

On November 1, 1991, Sherry filed a petition to modify child support. The trial court heard evidence and denied the petition.

Sherry filed a motion to correct errors on April 24, 1992. The trial court heard oral argument on the motion, granted the motion, and ordered a new trial on the petition.

### Discussion and Decision

Mark argues the trial court erred in granting Sherry's motion to correct error and in ordering a new trial on the petition to modify child support. He alleges the motion to correct error should have been denied because the trial court was not required to make specific findings of fact and because the evidence did not warrant an increase in the support amount.

A trial court has wide discretion to correct errors and to grant new trials. *Cross v. City of Gary* (1983), Ind.App., 456 N.E.2d 728, 730. When a trial court has

granted a new trial pursuant to Ind.Trial Rule 59(J), the granting of relief is afforded a strong presumption of correctness. *Ingersoll–Rand Corp. v. Scott* (1990), Ind. App., 557 N.E.2d 679, 683, *trans. denied.* We will reverse a grant or denial of a motion for new trial only for an abuse of discretion. *Schuh v. Silcox* (1991), Ind. App., 581 N.E.2d 926, 927. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id.*

TR 59(J)(7) states:

If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

The procedural requirements outlined in TR 59(J)(7) have been characterized as "paramount," and the process of entry of the requisite findings as "arduous and time-consuming." *State v. McKenzie* (1991), Ind.App., 576 N.E.2d 1258, 1260, *reh. denied, trans. denied,* citing *Nissen Trampoline v. Terre Haute First National Bank* (1977), 265 Ind. 457, 358 N.E.2d 974, 978. The purpose of the requirements is to provide the parties and the reviewing court with the theory of the trial court's decision. *Id.* The findings may summarize the evidence so long as the summary is complete enough to facilitate appellate review. *Id.*

In the case at bar, the trial court granted Sherry's motion to correct errors and set a new trial date for her petition to modify. The trial court did not state its reasons for granting the motion. Mark argues for the first time in his reply brief that the trial court erred in granting the new trial without specifying the general reasons or findings of fact. A party cannot raise an argument for the first time on appeal in his reply brief. *Senco Products, Inc. v. Riley* (1982), Ind.App., 434 N.E.2d 561. Notwithstanding Mark's waiver of this issue, we find that the trial court failed to comply with the requirements of TR 59(J)(7). The lack of findings prevents our review and we remand.

Our supreme court has mandated reversal and reinstatement of the judgment where "the [trial] court overrides the jury in its special domain and substitutes its verdict for theirs without a clear showing that the ends of justice required it." *State v. White* (1985), Ind., 474 N.E.2d 995, 1000. The case at bar is distinguishable from the situation in *White.* The trial court did not substitute its judgment for a jury's judgment and did not invade the special domain of the jury. Rather, the trial court evaluated its own judgment. We do not know whether the trial court ordered a new trial because the judgment was against the weight of the evidence or because the judgment is clearly erroneous as contrary to, or not supported by the evidence. TR 59(J)(7) has a different requirement depending on which the trial court finds.

Our function in reviewing the grant of a motion to correct errors does not include speculating as to the reasons for the trial court's decision. "A strong presumption of validity is accorded to the trial court's ruling, but the trial court may not overturn a jury verdict by a naked statement that it is

erroneous." *Id.* The trial court has not overturned a jury verdict and the concern of the *White* court is not present. We cannot properly determine whether the trial court abused its discretion in granting the motion to correct errors and new trial. Accordingly we remand the case to the trial court with instructions to enter its reasons for granting the motion to correct error and any special findings of fact as may be required. We do not retain jurisdiction of the case.

Remanded.

MILLER and RUCKER, JJ., concur.