**Joseph M. DeVITTORIO and Janet H. DeVittorio, Appellants–Defendants,**

v.

**WERKER BROTHERS, INC., Appellee–Plaintiff.**

No. 43A05–9303–CV–83 [1].

Court of Appeals of Indiana, First District.

May 19, 1994.

---

1. This case was transferred to the First District by direction of the Chief Judge.

$\Longleftrightarrow$72(1)

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler Snyder & Federoff, Syracuse, for appellants.

R. Steven Hearn, Lemon, Reed, Armey, Hearn & Leininger, Warsaw, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Joseph M. and Janet H. DeVittorio (the "DeVittorios") appeal from the trial court's grant of a new trial pursuant to a motion to correct error filed by Werker Brothers, Inc. ("Werker"). The DeVittorios contend that the trial court abused its discretion in granting a new trial pursuant to Trial Rule 59(J) because the court specifically found that no

error existed in its original judgment entered following a bench trial.

We agree and reverse.

## ISSUE

The DeVittorios raise three issues for our review. Because we conclude that one issue is dispositive, we address only the following question: whether the trial court abused its discretion when the court granted a new trial pursuant to Werker's motion to correct error.

## FACTS AND PROCEDURAL HISTORY

On June 16, 1986, the DeVittorios entered into a contract with Werker under which Werker agreed to perform remodeling and construction work on the DeVittorios' summer home on Lake Wawasee for a fixed price of $81,365.14. Work began on the home in December of 1986. Thereafter, the DeVittorios and their architect made a number of alterations to the original plans which required that Werker expend more materials and labor than the original fixed-price contract required. Upon completion of the project, Werker claimed that the reasonable value of the work performed amounted to $298,032.71. The DeVittorios had timely paid $213,000.00 over the course of the project, but they refused to pay the alleged balance due of $85,032.71.

On June 1, 1989, Werker filed a complaint to foreclose its mechanic's lien upon the DeVittorios' property in order to secure the balance due and to recover its attorney's fees. However, the DeVittorios asserted that Werker did not perform its contractual obligations in a "workmanlike manner" and filed a counterclaim against Werker to collect damages for the work performed on their home. Following a bench trial which included the trial court's on-site inspection of the DeVittorios' home, the court entered judgment for the DeVittorios on Werker's complaint with extensive and thorough narrative findings and determined that the reasonable value of the work performed by Werker amounted to $213,000.00. Because that amount had already been paid by the DeVittorios, Werker recovered nothing upon its complaint, including no award for attorney's fees. The trial court also found for Werker on the DeVittorios' counterclaim.

Werker then filed its motion to correct error on August 26, 1992. After a hearing on Werker's motion and the DeVittorios' written response, the trial court entered an order granting a new trial limited solely to the issue of the "value" of the work performed by Werker. Werker subsequently filed a motion for change of venue from the judge and that motion was granted and a special judge was selected. Thereafter, the DeVittorios filed their own motion to correct error but their motion was denied by the special judge. The DeVittorios appeal from the grant of a new trial. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

■ "A trial court has wide discretion to correct errors and to grant new trials." *Malacina v. Malacina* (1993), Ind.App., 616 N.E.2d 1061, 1062. When a trial court grants a new trial pursuant to Trial Rule 59(J), the granting of relief is given a strong presumption of correctness. *Lucero v. Lutheran University Association, Inc.* (1993), Ind.App., 621 N.E.2d 660, 662. We will reverse the grant of a new trial only for an abuse of discretion. *Malacina*, 616 N.E.2d at 1063. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results from a trial court's decision which is without reason or is based upon impermissible reasons or considerations. *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 518, 356 N.E.2d 207, 211.

### Grant of a New Trial

■ The DeVittorios assert that the trial court failed to comply with Trial Rule 59(J) when it granted a new trial solely on the issue of "value" pursuant to Werker's motion to correct error. The DeVittorios claim that the trial court abused its discretion because the court specifically found "no essential er-

ror" in its judgment which required corrective relief such as a new trial. Trial Rule 59(J) provides in relevant part:

The court, *if it determines that prejudicial or harmful error has been committed,* shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

(1) *Grant a new trial;*

\* \* \* \* \* \*

(7) In reviewing the evidence, the court shall grant a new trial ... if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

When a new trial is granted because the verdict findings or judgment do not accord with the evidence, the court *shall make special findings of fact* upon each material issue or element of the claim or defense upon which a new trial is granted. *Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence;* if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

(emphases added). Thus, in order to grant a new trial on a motion to correct error, the trial court must first determine that "prejudicial or harmful error has been committed" and that the court's corrective action will cure the error. The court must then state its reasons for granting a new trial by making special findings.

■ The procedural requirements enumerated in Trial Rule 59(J) and the process of making the requisite special findings have been characterized as "arduous and time-consuming." *See State v. McKenzie* (1991), Ind.App., 576 N.E.2d 1258, 1260, *trans. denied.* However, the purpose of these requirements is to provide the parties and the reviewing court with the theory of the trial court's decision. *Malacina,* 616 N.E.2d at 1063. The findings may summarize the evidence provided that the summary is complete enough to facilitate appellate review. *Id.*

■ Here, the trial court granted Werker's motion to correct error in part by granting a new trial solely on the issue of the value of the work performed by Werker, which the court had determined in its original judgment to be $213,000.00. The trial court's order contained certain "observations" in narrative form, which we will consider as the special findings required under Trial Rule 59(J)(7). The trial court began by stating that "the Court was not comfortable with its decision upon the issue of value." Record at 237. The court continued its observations by stating in part the following:

While the Court's findings upon value are debatable, the Court based upon the evidence before it, *perceives no essential error which invokes a standard which would clearly call for a new trial.* The Court fails, despite considerable effort, in discovering a legal standard by which a Court can order a new trial upon the limited issue of value upon the simple basis that the Court feels that the evidence as presented was insufficiently developed to the point at which the decider of fact could feel comfortable that genuine and meaningful effort had gone into developing this recondite subject.

However, the Court believes that justice has not been completely done in this case, and that it is appropriate that a new trial be granted, limited solely to the issue of value.

Record at 238 (emphasis added). Thus, in essence, while the trial court perceived no error, the court then reconsidered its findings and decided it should hear additional evidence because it was uncomfortable with its original judgment. Clearly, Trial Rule 59(J) requires more. In order to grant a new trial on a motion to correct error, there must be prejudicial or harmful error.

■ The trial court specifically stated in its special findings that it could not find any

error in its judgment upon which to grant a new trial. Indeed, our review of the court's judgment indicates that the judgment is supported by the evidence presented at trial. While Trial Rule 59(J) allows the trial court discretion to grant a new trial on a motion to correct error, the court must first determine that prejudicial or harmful error has been committed which can be corrected by granting appropriate relief. The trial court's special findings do not indicate an error in its judgment and, more particularly, do not explain how the judgment is either against the weight of the evidence or clearly erroneous as contrary to or not supported by the evidence. *See* T.R. 59(J)(7). Neither is this a case where the trial court wished to make a correction or amendment in order to make its judgment conform to the intent of the court in the original entry of judgment, as is permitted under the rule. *See Indiana & Michigan Electric Co. v. Harlan* (1987), Ind. App., 504 N.E.2d 301, 308, *trans. denied.*

The greater part of the trial court's order is devoted to a discussion of the court's inability to find an error or a legal standard by which to grant a new trial in this case. The court did find that "the evidence as presented was insufficiently developed" upon the issue of value, which means here that both parties failed to meet their burden of proof on that issue. Record at 238. In its judgment, the court had stated that "[t]he question of value greatly troubles the Court," and then held that Werker should recover nothing on its complaint and that the DeVittorios should recover nothing on their counterclaim. Record at 206. However, a party's failure to present evidence at trial sufficient to sustain the burden of proof on an essential element of his claim is clearly not grounds for a new trial. In sum, the court's findings do not support its conclusion that error occurred and we conclude, as a matter of law, that the trial court's order does not meet the strict requirements of Trial Rule 59(J)(1) and (7).

We hold that the trial court abused its discretion when it granted a new trial pursuant to Werker's motion to correct error because, under Trial Rule 59(J), its decision was based upon impermissible reasons or

considerations. *See City of Elkhart,* 265 Ind. at 518, 356 N.E.2d at 211. The trial court's order on Werker's motion to correct error is reversed and we remand with instructions for the trial court to reinstate its original judgment.

Reversed and remanded.

BAKER and ROBERTSON, JJ., concur.