Dennis **MENDENHALL** and Tina **Mendenhall**, Appellants–Plaintiffs,

v.

The **SKINNER AND BROADBENT CO., INC.**, Appellee–Defendant.

No. 49A04–9709–CV–393.

Court of Appeals of Indiana.

April 8, 1998.

Kevin P. Farrell, Angela J. Hero, Cline Farrell Christie & Lee, Indianapolis, for Appellants-Plaintiffs.

Darla S. Brown, Kelley, Belcher & Brown, Bloomington, for Appellee-Defendant.

## OPINION

GARRARD, Judge.

Dennis and Tina Mendenhall (collectively the "Mendenhalls") appeal the trial court's amendment of the jury's verdict granting Skinner and Broadbent Co., Inc. ("Skinner") a credit for amounts paid by Jim Stewart Tire Co. ("Stewart") as a settlement with the Mendenhalls.

We affirm.

## FACTS

This appeal arose out of injuries Dennis suffered when he slipped and fell in the parking lot used by patrons of Stewart, but owned by Skinner. The Mendenhalls filed suit against both Stewart and Skinner. Prior to trial, Stewart settled with the Mendenhalls and was dismissed from the suit. Skinner then made an oral motion to credit the amount of Stewart's settlement against any potential verdict. After a trial on February 18 and 19, 1997, the jury assessed damages in the amount of $80,000 and found Dennis and Skinner each 50% at fault. As a result, the jury rendered a verdict of $40,000 against Skinner. After the trial, Skinner filed a motion to amend the judgment, seeking a credit in the amount of Stewart's settlement. The trial court granted Skinner's motion and amended the judgment to credit Skinner for the $5,000 in medical benefits it had already paid [1], the $15,000 settlement of Stewart, and the $5,000 in medical benefits Stewart had paid. In sum, the trial court credited $25,000 against the $40,000 judgment. As a result of this credit, the amended judgment against Skinner was in the amount of $15,000. The Mendenhalls appeal this amended judgment.

## ISSUE

I. Whether the trial court was precluded by the Comparative Fault Act ("Act") from granting a credit.

## DISCUSSION

The Mendenhalls claim that under the Act Skinner could not seek a credit, but was instead required to assert a nonparty defense [2] in order to gain any credit for Stew-

art's settlement. Because Skinner did not name Stewart as a nonparty and raise the nonparty defense, the Mendenhalls argue that Skinner could not benefit from Stewart's settlement. In essence, the Mendenhalls are claiming that the Act precludes credits and makes the nonparty defense the sole method for reducing liability due to another party's settlement. Skinner argues that credits have survived the enactment of the Act and, therefore, the trial court did not err by granting one.

The question of whether a party must assert a nonparty defense under the Act in order to receive credit for a joint tortfeasor's settlement appears to be a question of first impression. However, credits and the Act have been discussed in another context. In *Huffman v. Monroe County Com. School*, 588 N.E.2d 1264 (Ind.1992), our supreme court discussed credits in the context of its determination of whether the Act abrogated the rule that a release of one joint tortfeasor was a release of all the joint tortfeasors. Within its discussion of the Act, the court stated "the trial court judge has the power and duty to reduce jury verdicts by amounts received in settlement, thus ensuring that a plaintiff will not receive more than a full recovery." *Id.* at 1267. It seems clear from this statement that the Act does not preclude credits. In fact, it is the trial judge's duty to credit amounts received in settlement. *Id.*

The purpose of a credit is to prevent a double recovery for the same injury. *Riehle v. Moore*, 601 N.E.2d 365, 371 (Ind.Ct. App.1992), *trans. denied.* "Normally, where the actions of multiple defendants cause a single injury to a plaintiff, a defendant against whom judgment is rendered at trial is entitled to credit against the assessed damages in the amount of any funds received from any settling joint tort-feasor by the plaintiff." *Id.* It falls to the trial judge to grant this credit by simply subtracting the amount of the settlement from the amount of the jury verdict to reach a final judgment. *Manns v. State, Dept. of Highways*, 541 N.E.2d 929, 934 (Ind.1989).

A defendant's ability to receive a credit under the Act is not without limitation how-

---

1. The Mendenhalls concede that Skinner was entitled to a credit of this $5,000.

2. Ind.Code § 34–4–33–10.

ever. In *Barber v. Cox Communication, Inc.,* 629 N.E.2d 1253 (Ind.Ct.App.1994), *trans. denied,* the remaining defendant named Peru as a nonparty and raised a nonparty defense. The jury found the nonparty Peru to be 60% at fault for Barber's injuries. On appeal, we noted that had the defendant sought a credit for Peru's fault in addition to the nonparty defense, the defendant would not have been entitled to such a credit because this would result in a double credit for the defendant. *Id.* at 1258. We hold that under the Act a defendant may seek a credit for amounts paid by a settling joint tortfeasor as long as this does not result in a double credit.

In their reply brief, the Mendenhalls argue for the first time that any credit should have been taken from the $80,000 damage finding, not the $40,000 final verdict. We do not resolve this question because the Mendenhalls may not raise an issue for the first time in their reply brief. *Malacina v. Malacina,* 616 N.E.2d 1061, 1063 (Ind.Ct.App.1993).

The trial court's amendment of the judgment to credit the $25,000 already paid by the parties is affirmed.

Affirmed.

HOFFMAN and SHARPNACK, JJ., concur.