PRECISION SCREEN MACHINES, INC., Appellant–Defendant,

v.

Robin A. HIXSON, Appellee–Plaintiff.

No. 17A03–9811–CV–458.

Court of Appeals of Indiana.

June 23, 1999.

Edward L. Murphy, Jr., Larry L. Barnard, Calvert S. Miller, Miller Carson Boxberger & Murphy, Fort Wayne, Indiana, Attorneys for Appellant.

Kevin L. Likes, Likes & Kraus, Auburn, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant Precision Screen Machines, Inc. (Precision) appeals the trial court's order granting Robin A. Hixson's (Hixson) motion to correct error and ordering a new trial after the jury returned a verdict in Hixson's favor awarding her zero damages for her personal injury claim.

We affirm.

### ISSUE

Precision raises two issues for our review, one of which we find dispositive:[1] Whether the trial court properly set aside the jury's verdict and granted a new trial because the jury's verdict in favor of Hixson awarding her zero damages was clearly erroneous and contrary to the uncontroverted evidence.

### FACTS AND PROCEDURAL HISTORY

On April 19, 1992, Hixson was injured in an accident at her place of employment while using a machine manufactured by Precision. On April 15, 1994, Hixson filed a complaint for damages against Precision under the theory of strict liability. A trial by jury was held on June 3 and 4, 1998. The jury was instructed as follows:

> Pursuant to the worker's compensation statutes, Robin Hixson has received worker compensation benefits totaling $79,110.71. If you find in favor of Robin Hixson in this case, she will be required pursuant to Ind.Code § 22–3–2–13, to repay ⅔ of this amount. If you find in favor of the Defendant, she will have no obligation to repay this amount.

(R. 100). During its deliberation, the jury sent out a written communication requesting whether they could enter judgment in favor of Hixson and award zero dollar damages. After discussion with Hixson and Precision, the court responded in writing that "the jury has the discretion to decide this cause as you

---

1. Precision also raises the issue of whether Hixson waived her opportunity to object on appeal by failing to request that the trial court refrain from responding to the jury's question regarding whether it could properly return a verdict in favor of Hixson and award zero damages. In Hixson's motion to correct error, however, she did not claim error in the trial court's response to the jury's question. Instead, Hixson asked the court to set aside the jury's verdict awarding her zero damages and to grant a new trial because the jury verdict was against the weight of the evidence. Therefore, although Hixson did not object to the manner in which the trial court responded to the jury's question, Hixson is not precluded from objecting to the inadequacy of the jury's verdict as being against the weight of the evidence.

believe appropriate under the facts found by the jury and the law contained in the final instructions." (R. 11). On June 4, 1998, the jury returned a verdict in favor of Hixson awarding zero dollar damages. Thereupon, the court entered judgment in favor of Hixson in the amount of zero dollars.

On June 17, 1998, Hixson filed her motion to correct error, asking the court to set aside the jury's verdict as against the weight of the evidence. On October 16, 1998, the court found, pursuant to Ind. Trial Rule 59(J), that harmful error had been committed, set aside the jury's verdict of June 4, 1998, and ordered a new trial on all issues. Precision now appeals the trial court's granting of a new trial.

### DISCUSSION AND DECISION

Precision argues that the trial court abused its discretion in finding that the verdict was against the weight of the evidence. Specifically, Precision contends that the trial court did not issue its order granting a new trial pursuant to its role as a 13th juror. We disagree.

In its brief, Precision has misapplied the various standards of review which govern the trial court and court of appeals. The trial court's standard of reviewing a verdict when considering a motion to correct error requesting a new trial is governed by Ind. Trial Rule 59(J)(7). In describing the trial judge's duties when faced with a motion for a new trial, Justice Hunter in *Memorial Hospital of South Bend, Inc. v. Scott*, 261 Ind. 27, 300 N.E.2d 50, 54 (1973), said "the trial judge has an affirmative duty to weigh conflicting evidence. The trial judge sits as a 'thirteenth juror' and must determine whether in the minds of reasonable men a contrary verdict should have been reached." And as a thirteenth juror, the trial judge: 1) hears the case along with the jury; 2) observes witnesses for their credibility, intelligence and wisdom; and 3) determines whether the verdict is against the weight of the evidence. *Weenig v. Wood*, 169 Ind.App. 413, 349 N.E.2d 235 (1976). When the verdict is against the weight of the evidence, it is the trial court's duty to grant a new trial. T.R. 59(J)(7).

Upon the trial court's granting of a new trial, the Court of Appeals is governed by an entirely different rule of law on review. When reviewing the trial court's grant of a new trial this court neither weighs the evidence nor judges the credibility of the witnesses. The sole duty of an appellate court is to examine the record to see if: (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done the appellant; or (c) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Memorial Hospital*, 300 N.E.2d at 54. In applying this review standard, the trial court's action in granting a new trial is given a strong presumption of correctness. *Keith v. Mendus*, 661 N.E.2d 26, 32 (Ind.Ct.App.1996), *trans. denied.* The trial court has broad discretion to grant or deny a motion for a new trial and that determination will be reversed only for an abuse of discretion. *Schuh v. Silcox*, 581 N.E.2d 926, 927 (Ind.Ct.App.1991). An abuse of discretion will be found when the trial court's action is against the logic and effect of facts and circumstances before it and the inferences which may be drawn therefrom. *DeVittorio v. Werker Bros., Inc.*, 634 N.E.2d 528, 530 (Ind.Ct.App.1994). Therefore, it is our duty to affirm the trial court's new trial order unless it is clearly demonstrated by Precision that the trial court abused its discretion.

In this case, the jury awarded Hixson zero dollars ($0) in damages. Thereupon, the court entered a judgment in favor of Hixson and awarded her zero damages. Hixson filed a motion to correct error asking the court to set aside the jury's verdict and enter appropriate relief because the verdict was against the weight of the evidence. The trial court granted Hixson's motion to correct error, and pursuant to T.R. 59(J), the court determined that harmful error had been committed, that the jury's verdict and judgment shall be set aside, and that a new trial was required on all issues.

Our supreme court has stated that a jury is to be afforded great latitude in making damage award determinations. *Kimberlin v. DeLong*, 637 N.E.2d 121, 129

(Ind.1994), *cert. denied.* Awards for pain, suffering, fright, humiliation and mental anguish are particularly within the province of the jury because they involve the weighing of evidence and credibility of witnesses. *Landis v. Landis,* 664 N.E.2d 754, 757 (Ind.Ct. App.1996), *trans. denied.* However, Indiana does subscribe to the general principle of tort law that all damages directly attributable to the wrong done are recoverable. *Symon v. Burger,* 528 N.E.2d 850, 852 (Ind.Ct.App. 1988).

■ The uncontroverted evidence at trial establishes that Hixson's zero damages award did not compensate her for pain and suffering, scarring, or lost wages in the amount of $8,181.38. The facts in the record reveal that from April 27, 1992 to August 23, 1994, Hixson underwent four surgeries on her right foot, creating considerable pain and discomfort, visible scars, and lack of mobility. Hixson incurred medical bills in the amount of $38,160.09, which have been paid by worker's compensation. Further, Hixson lost income from April 19, 1992 through December 2, 1994 in the amount of $46,682.00, of which $38,500.62 was reimbursed by worker's compensation. Also, Hixson is permanently partially impaired, for which she received $2,450.00 from worker's compensation. Therefore, we find that the trial court did not abuse its discretion in finding that the jury's award of zero damages was contrary to the uncontradicted evidence, clearly erroneous, and so inadequate as to establish that the jury was motivated by passion, prejudice or other improper motive.

Affirmed.

SULLIVAN, J., and MATTINGLY, J., concur.