Paul Edward DEREE, Jr. and Joan
Deree, Appellants–Plaintiffs,

v.

ALL AMERICAN SHIPPING
SUPPLIES, INC., Appellee–
Defendant.

No. 49A02–9810–CV–835.

Court of Appeals of Indiana.

Nov. 10, 1999.

John P. Young, Young & Young, India-
napolis, Indiana, Attorney for Appellants.

Shannon L. Robinson, Kelley, Belcher &
Brown, Bloomington, Indiana, Attorney for
Appellee.

## OPINION

MATTINGLY, Judge

Paul Edward Deree, Jr. initiated a negli-
gence action against All American Ship-
ping Supplies, Inc. The matter was tried to
a jury, which returned a verdict in favor of
All American. Deree then filed a motion
to correct error. The trial court denied
the motion, and Deree now appeals.[1] We
restate the issue raised for review as
whether All American's alleged conceal-
ment of evidence entitles Deree to a new
trial and requires that All American be
sanctioned.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At the time of the events relevant to this
appeal, Deree was a truck driver for a
delivery service, and All American was a
distributor of packing and shipping sup-
plies. In May of 1994, Deree went to the
premises of All American to receive bales
of K.D.F.[2] cardboard boxes. Deree

---

1. The record suggests that Joan Deree is Paul
Edward Deree, Jr.'s co-appellant, although
the parties' arguments on appeal do not ap-
pear to explicitly acknowledge her as such.

2. K.D.F. stands for "knock down flat."

backed his truck to All American's loading dock, and a pallet containing two bales of boxes was placed on the back of the truck. The bales were configured such that one bale stood on top of the other. The top bale fell onto Deree, who was on the back of the truck. As a result, Deree suffered severe and permanent injuries, including a brain injury that caused him to be unable to recall the facts of the injury-producing incident.

Deree brought a negligence action against All American. The matter proceeded to trial, which resulted in a jury verdict for All American. Deree filed a motion to correct error in which he requested a new trial and sanctions against All American, arguing in part that All American had failed to cooperate in discovery. The trial court denied Deree's motion to correct error. On appeal, Deree argues the trial court erred, as the grant of a new trial is appropriate and the sanctioning of All American is warranted.[3]

## STANDARD OF REVIEW

■ Our standard of review with respect to the grant of a new trial was recently set forth in *Precision Screen Machines, Inc. v. Hixson*, 711 N.E.2d 68, 70 (Ind.Ct.App.1999). The trial court has broad discretion to grant or deny a motion for a new trial, and that determination will be reversed only for an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* On review,

we neither weigh the evidence nor judge the credibility of witnesses. *See id.*

## DISCUSSION AND DECISION

■ According to Deree, All American concealed evidence by providing a false response to one of his pre-trial requests for production.[4] Such concealment, claims Deree, impaired his ability to adequately prepare and present his case. Deree thus argues that such concealment entitles him to a new trial.

In developing his claim of concealment, Deree observes that, prior to trial, he served All American with a request for production that stated in part: "Please produce the two bundles of boxes, the exact same size, dimension and weight of the boxes that fell on [Deree] on the date of the incident in question." (R. at 21.) Deree further observes that All American provided the following response to his request:

> At this time, All American is unable to determine with precise specificity either the type or the size of the boxes that allegedly fell on Deree. It is further unable, with precise specificity or degree of certainty, to determine the exact number of "K.D.F." corrugated boxes that compromises [sic] the "bundle" of boxes that Deree claims fell on him. All American believes that the set of boxes to which plaintiffs[5] refers [sic] as a "bundle" is, in its terminology, a "bale." If Deree specifies to All American the type and number of boxes comprising the bundle or bale Deree claims fell on

---

3. As we find that Deree is not entitled to a new trial, we do not address Deree's argument as to the issue of sanctions.

4. Deree seems to assert that All American's alleged concealment resulted from multiple false responses to multiple discovery requests. (*See* Br. for Appellant at 11 ("All American concealed evidence by giving false *answers* to discovery *questions.*") (emphasis added).) However, Deree's appellate brief, to the extent that it advances cognizable argument, appears to predicate the alleged concealment on a single response that All American provided to a single Deree discovery request. As

such, we treat that response as forming the sole basis of Deree's concealment claim. Insofar as Deree may suggest that the alleged concealment resulted from other—and allegedly false—discovery responses of All American, these responses provide no basis for reversal because Deree has neither explained how they amounted to concealment nor demonstrated that they prejudiced his substantial rights. *See* Ind. Appellate Rule 8.3(A)(7); Ind. Trial Rule 61.

5. *I.e.,* Paul Edward Deree, Jr. and Joan Deree.

, him, All American will make available to plaintiffs' counsel a sample bale of such boxes....

*Id.* (footnote added). Deree characterizes this discovery response as representing that All American did not know the *type* of box that fell on him. He compares this response with portions of All American's trial testimony which he claims reveal that the type of box was known to All American at all relevant times, including the time when the discovery response was made. (*See* Br. for Appellant at 12; Reply Br. for Appellant at 3.) This comparison yields what appears to be Deree's conclusion that the discovery response was false as it represented that All American did not know the type of box in question. Such a false response, Deree claims, amounts to concealment of evidence (*i.e.*, concealment of the type of box) on the part of All American. Deree further claims that All American's alleged concealment prejudiced him in that it impaired his ability to adequately prepare and present his case.[6]

Even if portions of the trial testimony show that All American admitted knowledge of the type of box, we cannot ignore that All American appears to have denied such knowledge in another portion of testimony. In this regard we note specifically the following exchange at trial between Deree's counsel and Bradley Young, the owner of All American:

[Deree's counsel:] ... Now you know now—and you've known since 1994

what type of boxes fell on Paul Deree, have you not?

[Young:] No—I know that the type of box was a regular corrugated 200 pound test box—but that particular customer bought three different types of boxes—as far as size and we do not manufacture the boxes, so that when the manufacturer sends those to us at the beginning of a run or at the end of the run, the bale sizes are going to differ. And what I asked—when you guys asked me to produce the boxes—uh—not knowing if at [sic] was at the beginning of the truck—the middle of the truck or the end of the truck—we had really no knowledge of what size the bale was that fell on Mr. Deree.

(R. at 279–80.) The testimony set forth above may be reasonably interpreted as a denial that All American knew the type of box. The trial court was permitted to believe this testimony and, as a consequence, could find that the type of box was not known to All American. Such a finding would not support the notion that All American's discovery response was false, but would serve only to strengthen the conclusion that All American accurately responded to discovery by denying knowledge of the type of box. As a result, the trial court could reasonably conclude that Deree had failed to establish his concealment claim.

We acknowledge the portions of trial testimony which, according to Deree, con-

**6.** Deree more fully explains his claim of prejudice as follows:

Deree bore the burden of proving that All American was negligent and that their [sic] negligence was a proximate cause of his injuries. As a result of the injury to his brain, Deree is unable to recall the facts of the incident....

In order to demonstrate how the incident occurred it was necessary for Deree to reconstruct the events and therein attempt to eliminate potential causes of the incident....

Deree requested that All American produce a duplicate of the bale so as to conduct his reconstruction. Deree hired an engineer to perform the reconstruction.

The weakness of the reconstruction lay in the fact that because All American knowingly concealed the type of box in the bale, Deree was forced to speculate about those facts and conduct a reconstruction on less than the accurate facts.

All American's counsel exploited this weakness in cross examining Deree's expert engineering witness.

....

All American's misrepresentations and concealment prohibited Deree from accurately reconstructing the incident which effectively denied him the ability to accurately demonstrate how the incident occurred. This in turn denied Deree a fair trial....

(Br. for Appellant at 13–14, 16–17.)

tain admissions that All American knew the type of box. But because a portion of All American's testimony arguably contains a denial of such knowledge, Deree's argument for reversal, insofar as it is based on alleged admissions in other portions of testimony, is merely an invitation for this court to reweigh the evidence. We may not accept this invitation. *See Memorial Hosp. of South Bend, Inc. v. Scott,* 261 Ind. 27, 33, 300 N.E.2d 50, 54 (1973) ("An appellate court cannot assume the responsibility of weighing conflicting evidence in reviewing the trial judge's action on a motion for a new trial (here a motion to correct error).").

Moreover, Deree would not be entitled to relief even if the trial court had been presented with clear and undisputed trial testimony that All American, at all relevant times, knew the type of box. This is because the trial court would not have been required to credit such testimony. *See Calvert v. London,* 137 Ind.App. 595, 598–99, 210 N.E.2d 376, 378 (1965) (noting "the rule in this jurisdiction that evidence uncontroverted is not necessarily binding on the triers of fact and may be disbelieved and given no weight"). As a result, the trial court would not have been required to conclude that All American's discovery response was inaccurate, even had undisputed evidence concerning All American's knowledge been adduced at trial.

We appreciate Deree's concerns about candor between litigants in the discovery process, and the result we reach in this case should not be construed to minimize these legitimate concerns. Nor are we convinced that it would have been an abuse of discretion to grant the motion to correct error on the grounds Deree proposes. However, the trial court did not grant the motion, choosing instead to deny it. This denial was not erroneous because the trial court could reasonably find, in view of the facts and circumstances before it, that All American accurately responded to discovery and thus did not conceal evidence. As a result, we cannot say that the trial court abused its discretion in denying Deree's motion to correct error. Accordingly, Deree is not entitled to a new trial. The trial court's judgment is therefore affirmed.[7]

Affirmed.

SHARPNACK, C.J., and BAKER, J., concur.

---

7. Because we find that Deree's argument fails on the merits, we do not address All American's claim that Deree waived his argument for reversal.