**Leann G. CHAFIN, Appellant–Defendant,**

v.

**Cleveland E. GRAYSON, Appellee–Plaintiff.**

No. 18A02–0102–CV–78.

Court of Appeals of Indiana.

Jan. 18, 2002.

Patrick L. Miller, Christie A. Seifert, Goodin, Kraege, Abernathy & Miller, Indianapolis, IN, Attorneys for Appellant.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Leann Chafin appeals the trial court's grant of a motion to correct errors in favor of Cleveland Grayson setting aside the jury verdict and ordering a new trial in Grayson's negligence action against Chafin. We remand.

### Issue

Chaffin raises two issues for our review, one of which we find dispositive: whether the trial court failed to make special findings of fact as required by Indiana Trial Rule 59(J)(7).

### Facts and Procedural History

The facts reveal that on February 11, 1997, Grayson and Chafin were involved in a motor vehicle accident on State Road 35

in Muncie, Indiana. Prior to the accident, Grayson, a carpet installer, was traveling north on State Road 35 in a cargo van loaded with several large rolls of carpet. Chafin, in a small automobile, traveled from the Muncie Bypass and exited on the ramp to State Road 35, halting at a stop sign. In order to travel upon State Road 35 South, Chafin had to turn left and cross the two lanes of State Road 35 North. As Chafin turned left crossing the northbound lanes of State Road 35, her vehicle was "t-boned" by the cargo van driven by Grayson. The resulting collision caused one of the large rolls of carpet to strike Grayson from behind. Thereafter, Grayson received treatment for his injuries by a physician, a massage therapist, and several chiropractors.

Consequently, on July 9, 1998, Grayson filed a negligence complaint against Chafin in the Delaware Circuit Court. Grayson claimed that the medical bills he sustained in the accident totaled $46,033.33. The jury found Grayson 45% at fault and Chafin 55% at fault for the automobile accident. The jury calculated Grayson's total damages at $9,804.00. The trial court entered judgment in favor of Grayson for $5,392.20. On December 18, 2000, Grayson filed a motion to correct errors with the trial court alleging that the verdict was inadequate as a matter of law and the total damage amount of $9,804.00 was contrary to the evidence. On December 28, 2000, Chafin filed with the trial court a statement in opposition to Grayson's motion to correct errors. On January 12, 2001, the trial court granted Grayson's motion to correct errors and ordered a new trial. This appeal ensued.

### Discussion and Decision

#### I. Standard of Review for Trial Rule 59(J)

■ The trial court granted Grayson's motion to correct errors and ordered a new trial pursuant to Indiana Trial Rule 59(J). When considering a Motion to Correct Errors and a request for new trial, a trial court is governed by Indiana Trial Rule 59(J)(7), which provides in part: "[T]he court shall grant a new trial if it determines that the verdict of a non-advisory jury is ... clearly erroneous as contrary to or not supported by the evidence...." The trial judge sits as a "thirteenth juror" and must determine whether in the minds of reasonable men a contrary verdict should have been reached. *Precision Screen Mach., Inc. v. Hixson*, 711 N.E.2d 68, 70 (Ind.Ct.App. 1999). The trial judge, as a "thirteenth juror," hears the case along with the jury, observes the witnesses for their credibility, intelligence and wisdom, and determines whether the verdict is against the weight of the evidence. *Id.*

■ Once the trial court has granted a new trial, we will reverse this decision only for an abuse of discretion. *Schuh v. Silcox*, 581 N.E.2d 926, 927 (Ind.Ct.App. 1991). An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *DeVittorio v. Werker Bros., Inc.*, 634 N.E.2d 528, 530 (Ind.Ct.App.1994). We review the record only to see if: (a) the trial court abused its discretion; (b) a flagrant injustice has occurred; or (c) the appellant has presented a very strong case for relief from the trial court's order granting a new trial. *Hixson*, 711 N.E.2d at 70. However, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* The trial court has broad discretion to grant or deny a motion for a new trial. *Schuh*, 581 N.E.2d at 927. The trial court's action in granting a new trial is given a strong presumption of correctness.

*Keith v. Mendus,* 661 N.E.2d 26, 32 (Ind. Ct.App.1996), *trans. denied.*

Therefore, it is our duty to affirm the trial court's order for a new trial unless it is clearly demonstrated by Chaffin that the trial court abused its discretion.

## II. Special Findings of Fact

Chaffin first contends that the trial court erred in setting aside the jury verdict and granting a new trial because special findings of fact required by Trial Rule 59(J)(7) were insufficient. We agree.

Under Trial Rule 59(J)(7):

When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, *the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted.* Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

(Emphasis added).

▬ The procedural requirements outlined in Trial Rule 59(J)(7) have been characterized as "paramount," and the process of entering the requisite findings as "arduous and time-consuming." *State*

*v. McKenzie,* 576 N.E.2d 1258, 1260 (Ind. Ct.App.1991), *trans. denied.* The purpose of the special findings of fact is to provide the parties and the reviewing court with the theory of the trial court's decision. *DeVittorio,* 634 N.E.2d at 531. The findings may summarize the evidence so long as the summary is complete enough to facilitate appellate review. *Malacina v. Malacina,* 616 N.E.2d 1061, 1063 (Ind.Ct. App.1993).

The trial court's January 12, 2001, order on Chaffin's Motion to Correct Errors provides in pertinent part that:

Comes now the Court by Senior Judge, Betty Shelton Cole, and finds that [Chaffin's] Motion for New Trial should be, and is hereby granted for the reason that the jury verdict was not supported by sufficient evidence either of comparative fault or damages.

Appellant's Appendix at 7–8.

The trial court's order does not satisfy the requirements of Indiana Trial Rule 59(J)(7) in that it fails to contain sufficient findings necessary for this court to review the grant of Grayson's motion to correct errors. Therefore, pursuant to Indiana Appellate Rule 37(B),[1] we suspend consideration of this appeal for a period of forty-five (45) days from the date of this opinion and remand this cause to the Delaware Superior Court with instructions to the receiving judge to review Grayson's motion to correct errors, to hold a hearing if deemed necessary and to make specific Findings of Fact pursuant to Trial Rule 59(J)(7) to be filed with the Clerk of the Court of Appeals of Indiana no later than forty-five (45) days from the date of this

---

1. We note that Indiana Appellate Rule 37(B) provides that:

The Court on Appeal may dismiss the appeal without prejudice, and remand the case to the trial court, or remand the case while retaining jurisdiction, with or without limitation on the trial court's authority. Unless the order specifically provides otherwise, the trial court or Administrative Agency shall obtain unlimited authority on remand.

opinion. We retain jurisdiction over this case and will resume consideration of the merits of the appeal after the findings are filed.

Remanded with instructions.

KIRSCH, J. concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I agree with the majority opinion that the trial court's granting of the motion to correct errors may not be affirmed because the "findings" made are wholly inadequate.

Nevertheless, I would not terminate our inquiry with that determination. Rather, based upon the evidence of record, I would reverse the ruling of the trial court and order reinstatement of the jury verdict and the judgment entered thereon.

In this regard, I believe it appropriate to state my strong reservations concerning the frequently misapplied application of the so-called "thirteenth juror" principle. In my view a trial court should utilize the principle only when a judgment has been entered upon a jury verdict which is contrary to law. Unlike *Precision Screen Machines, Inc. v. Hixson,* 711 N.E.2d 68 (Ind.Ct.App.1999), cited by the majority here, the jury verdict is not contrary to law. In *Hixson,* the matter of defendant's liability was not in issue, and the jury's zero damage award was "contrary to the uncontradicted evidence, clearly erroneous, and so inadequate as to establish that the jury was motivated by passion, prejudice or other improper motive." 711 N.E.2d at 71. See also *Sherman v. Kluba,* 734 N.E.2d 701 (Ind.Ct.App.2000), *trans. denied,* in which the jury found the defendant 100% at fault but as in *Hixson* rendered a damage award in an amount less than the undisputed medical expenses incurred. The court held that verdict "clearly erroneous as contrary to the evidence." 734 N.E.2d at 704.

It is too facile and simplistic to rubber stamp a trial court's grant of a motion to correct errors upon the time-worn shibboleth that the verdict "is against the weight of the evidence." See Ind.Trial Rule 59(J)(7). Application of this principle is fraught with problems and is subject to abuse where the trial court merely disagrees with the wisdom of the jury verdict and wishes to reweigh the evidence.

My judicial concern with the "thirteenth juror" principle has not materially changed since my dissent in *Collins v. Grabler,* 147 Ind.App. 584, 263 N.E.2d 201 (1970). I would now merely reiterate the substance of what I said then. A jury verdict should not be vacated by the trial court unless it is contrary to law. Accordingly, I would reverse the ruling of the trial court here and would remand with instructions to reinstate the jury verdict.